**UNITED STATES BANKRUPTCY COURT**
Northern District of West Virginia

---

| | | |
|---|---|---|
| In Re: | Storj Labs Inc. Debtor | BK Case No.: 5:26−bk−00512 |
| | | Chapter 11 Reorganization |

---

**OPERATING ORDER**

The above−named Debtor having filed a voluntary Chapter 11 petition in this District on 7/26/26, and the Debtor being authorized to continue to operate the Debtor's business under the provisions of 11 U.S.C. § 1108 as the Debtor in Possession, it is hereby

**ORDERED** as follows:

**I. INITIAL OPERATING REPORT**

The Debtor in Possession shall file, within fourteen (14) days after the date of the entry of this Order, a sworn Initial Operating Report. The Initial Operating Report shall, at a minimum, state (1) the estimated costs of operation for the succeeding thirty (30) days; (2) the estimated cash balance increase or decrease or the profit or loss for the next succeeding thirty (30) days; (3) the amount of cash available for the use in the operation of the Debtor in Possession; (4) an explanation as to how the Debtor in Possession intends to fund the cost of operation for the next succeeding thirty (30) days; (5) the location, indentifying number and balance of all bank accounts including those established pursuant to this Order; (6) a statement of insurance coverage giving policy numbers, carriers and amounts of coverage for general liability, automobile, worker's compensation and any other coverage in force. The Debtor in Possession shall provide a copy of this report to the Assistant U.S. Trustee at U.S. Courthouse, 300 Virginia Street East, Room 2025, Charleston, West Virginia 25301 and to the designated representative of the Creditors' Committee as soon as such Committee is formed and a representative chosen to accept such reports

**II. MONTHLY OPERATING REPORTS**

The Debtor in Possession shall file monthly operating reports and transmit such reports to the Assistant United States Trustee for each calendar month after the order for relief. The address for the Assistant United States Trustee is U.S. Courthouse, 300 Virginia Street East, Room 2025, Charleston, West Virginia, 25301.

If the order for relief is within the first 15 days of the calendar month, a report shall be filed for the portion of the month that follows the order for relief. If the order for relief is after the 15th day of a calendar month, the period for the remaining month shall be included in the report for the next calendar month following the month covered by the report. Each monthly report following the initial report shall be filed no later than 21 days after the last day of the calendar month following the month covered by the report. The obligation to file monthly operating reports terminates on the effective date of the plan, or conversion or dismissal of the case. Monthly operating reports shall conform to the format and content outlined in the following paragraphs of the Order.

**A. SELECTION OF REPORTING FORMAT**

The Debtor in Possession shall file the Monthly Operating Reports using the format approved by the Office of the United States Trustee. The format for these reports will be sent to you by that office.

**B. CONTENTS OF OPERATING REPORT**

The Operating Report shall, at a minimum, include (1) a statement of total cash receipts and disbursements; (2) an income statement that reflects net operating income (loss) for the monthly period; (3) a statement of the increase (decrease) in cash for the reporting period, which may be stated in conjuction with the income, receipts and disbursements statements or separately; (4) an aging of accounts receivable;

(5) an aging of post−petition accounts payable; (6) a statement of the tax withholding account, giving the amounts placed in the accounts during the reporting period, the amounts paid over to the proper taxing authority, and a statement that sufficient amounts are being placed in the withholding account and the taxes are being paid timely; (7) a statement of post−petition payments to secured creditors reflecting amounts paid and arrearage since the filing of the petition; (8) statements as to the general condition of the business, assets, inventory, a statement as to the status of insurance in force, and any unusual occurrences that might affect the business; (9) a copy of the most recent bank statement for each account listed in Paragraph I, Item 5. The Operating Report shall be dated, sworn and signed by the reporting officer, owner or partner.

**III. QUARTERLY FEES**

All Chapter 11 debtor−in−possession excluding Subchapter V debtors must pay a quarterly fee to the United States Trustee every calendar quarter from the time the petition is filed until the case is dismissed, converted, or closed by final decree. 28 U.S.C. §1930. The Bankruptcy Code further provides that for a plan to be confirmed, all quarterly fees must be paid timely, or the plan must provide for payment of all fees on the effective date of the plan 11 U.S.C. §1129(a)(12). The debtor−in−possession's failure to timely pay quarterly fees is cause for conversion or dismissal of a chapter 11 case. 11 U.S.C. §1112(b)(4)(K).

The fee for each quarter is based on total payments or disbursements made by the debtor−in−posession's estate during that quarter and any payments made by any other entity on behalf of the debtor−in−possession. The fee is due on the last day of the calendar month following the calendar quarter for which the fee is owed. The fee schedule will appear on the invoice sent by the United States Trustee and will be based on the disbursement information provided in the monthly operating reports filed by the debtor and will be estimated for any missing disbursements during that quarter, until those reports are filed. Interest will be charged on unpaid quarterly fees, pursuant to 31 U.S.C. §3717. Additional information concerning quarterly fees, including fee calculations, may be found at: https://www.justice.gov/ust/chapter−11−quarterly−fees.

As of September 30, 2025, the United States Trustee Program no longer accepts checks or money orders as forms of payment for chapter 11 quarterly fees. Any checks or money orders received on or after that date will be returned to the sender. All quarterly fee payments must be made electronically through the United States Trustee Program's pay.gov site located at: https://www.pay.gov/public/form/start/672415208.

The party paying the quarterly fees will need the debtor−in−posession's ten digit account number and bank account routing and account numbers. Pay.gov allows the use of PayPal as a payment method, thereby enabling parties to make payments without sharing bank account details directly with pay.gov. However, PayPal has transcation limits, which vary based on account verification status and payment method. Parties wishing to us PayPal to pay quarterly fees should check with PayPal directly for more information regarding the monetary cap. Please note that you will be required to complete the box requesting your Taxpayer ID to complete the payment on pay.gov. If a debtor does not have an EIN, you may enter all 9's in this box. Failing to make acceptable electronic payments of quarterly fees through pay.gov could result in delays in payment and the accrual of interest and other penalties. Failure to include the debtor−in−posession's ten−digit account number may cause the payment to not be applied or a delay in processing. Anyone who has questions about the payment of chapter 11 quarterly fees should contact their local United States Trustee Office.

**IV. NEW BOOKS OF ACCOUNT**

The Debtor in Possession shall close or cut off its books of account as of the close of business on the date of filing of the petition, and shall open new books of account as of the opening of business on the next succeeding business day. In the new books of account, the Debtor shall cause to be kept proper accounts of earnings, expenses, receipts, disbursements and all obligations incurred and transactions had in the operation of the business and the management, preservation and protection of the property within the estate. The Debtor in Possession shall preserve proper vouchers for all payments made on account of such disbursement. The Debtor in Possession shall request a statement for all bank accounts from the banking institution where each account is located to reflect the cash balances in the accounts as of the date of the petition. Upon the filing of the petition, the Debtor in Possession shall, after reconciling existing bank accounts to determine the correct balance thereof, close these accounts and transfer all available funds on deposit to new Debtor in Possession accounts unless such funds constitute cash collateral in which event court approval to make the transfer may be necessary (see Paragraph VII). The Debtor in Possession hereby is authorized to make payments and to draw all checks incidental to the ordinary conduct of its business, and to open and maintain bank accounts in compliance with the provisions of 11 U.S.C. §345.

**V. SEPARATE TAX ACCOUNTS**

The Debtor in Possession is directed and required to segregate and hold separate and apart from all other funds all monies withheld from employees for Federal 941 taxes, including social security taxes; monies withheld for state or local income taxes; monies collected from others for Federal or state excise taxes and state or local sales taxes; or any other tax where money was actually withheld or collected from others, and forthwith to deposit the monies so withheld or collected in a separate bank account, and at the same time shall deposit in such account the Debtor's share or contribution required for such withheld or collected taxes, and the Debtor in Possession shall retain such funds in such separate bank account and timely pay over those taxes as they become due to the proper taxing authorities, obeying all Federal, state and local depository requirements that may require sums to be deposited with the taxing authority as they accrue. Copies of Federal tax deposit forms shall be transmitted to the District Director of Internal Revenue Service to the attention of the Chief, Special Procedures Section.

**VI. EMPLOYMENT OF PROFESSIONALS**

The Debtor in Possession is advised that professional persons, such as accountants, attorneys, appraisers and auctioneers, may be employed and compensated only upon application to, and approval by, this Court. All applications for employment of professionals must be served on the Assistant U.S. Trustee.

**VII. RESTRICTIONS ON THE ACTIVITIES OF THE DEBTOR IN POSSESSION**

The Debtor in Possession may not use cash collateral, obtain credit or use, sell or lease property of the estate out of the ordinary course of business without seeking permission of the court after notice to certain creditors. Cash collateral is cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents in which the estate and an entity other than the estate have an interest. Requests to the Court for permission to engage in the restricted activities must be in the form prescribed by the Bankruptcy Rules. Bankruptcy Rule 4001 governs cash collateral and obtaining credit; Bankruptcy Rule 6004 governs use, sale or lease of property of the estate.

**VIII. DUTY TO FILE REPORT UPON FAILURE TO FILE PLAN**

In the event that the Debtor in Possession fails to timely file a plan of reorganization within the exclusivity deadlines set forth in 11 U.S.C. §§ 1121(b) and (e)(1), or within any extension of that deadline as ordered by the court under § 1121(d), the Debtor in Possession shall, in compliance with §1106(a)(5), file a report with the Court indicating (1) why a plan has not been filed; and (2) whether a plan will be filed, or (3) whether and why the Debtor in Possession recommends dismissal, conversion or continuance of the case.

**IX. CONVERSION OR DISMISSAL UPON FAILURE TO COMPLY**

The Debtor in Possession shall provide to the United States Trustee such other information regarding the conduct of its affairs as he may from time to time request. Failure to file any report required by this Order, or failure to comply with any provision of this Order, will result in a hearing to show cause why this case should not be converted or dismissed.

It is Further

**ORDERED** that a copy of this Order shall be served by United States Mail on the Debtor in Possession, and that counsel for the Debtor in Possession or Pro Se Debtor in Possession shall review the requirements of this Order with the Principal Officer of the Debtor in Possession and with the accountant for the Debtor in Possession.

ENTER: 7/27/26

*David L Bissett*

U.S. Bankruptcy Judge