**IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Case No. 5:26-bk-00512 |
| | ) | |
| STORJ LABS, INC., | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | Judge David L. Bissett |
| | ) | |

**DEBTOR'S MOTION PURSUANT TO BANKRUPTCY RULE 1007(c) EXTENDING THE TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF CURRENT INCOME AND EXPENDITURES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS**

Storj Labs, Inc., the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Case"), respectfully states as follows in support of this motion (this "Motion"):

**Background**

1. On July 26, 2026, (the "Commencement Date") the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is authorized to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**Jurisdiction and Venue**

2. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

3. Section 521 of the Bankruptcy Code and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") require the Debtor to file its: (i) schedules of assets and liabilities, (ii) schedules of current income and expenditures, (iii) schedules of executory

contracts and unexpired leases, and (iv) statements of financial affairs (collectively, the "Schedules") within 14 days after the Commencement Date.

4. By this Motion, the Debtor respectfully requests that the Court extend the 14-day period to file the Schedules for an additional 14 days (for a total of 28 days from the Commencement Date), without prejudice to the Debtor's ability to request additional time should it become necessary.

**Basis for Relief**

5. Due to the dire circumstances leading to Debtor's filing as outlined in the *Declaration of Dr. Sayed Shuja Ali, Vice-President and Chiref Restructuring Officer*, filed contemporaneously with this Motion, the Debtor anticipates that it will be unable to complete its Schedules in the mere 14 days provided under Bankruptcy Rule 1007(c). To prepare its Schedules, the Debtor must compile information from books, records, and documents. This information has not been kept in a centralized or orderly location, nor does Debtor currently have a permanent, dedicated staff to maintain the information. Collecting the necessary information requires the Debtor and its employees to expend an enormous amount of time and effort.

6. In view of the amount of work entailed in completing the Schedules and the competing demands on the time of Debtor's employees and professionals to assist in efforts to stabilize business operations during the initial postpetition period, the Debtor will not be able to properly and accurately complete the Schedules within the required 14-day time period.

7. At present, the Debtor anticipates that it will require at least 14 additional days to complete its Schedules. The Debtor therefore requests that the Court extend the 14-day period for an additional 14 days.

8. This Court has authority to grant the requested extension under Bankruptcy Rule 1007(c), which provides that "[a]ny extension of time for the filing of the schedules and statements may be granted only on motion for cause shown and on notice to the United States trustee and to any committee . . . trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c).

9. The Debtor submits that the circumstances of its emergency filing combined with its post-petition staffing constitute good and sufficient cause for granting the requested extension of time.

10. Further, Debtor's proposed counsel has consulted with the Office of the U.S. Trustee, who does not oppose the extension.

## Notice

11. No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case. The Debtor will provide notice of this Motion to: (i) the Office of the U.S. Trustee; (ii) the Debtor's prepetition secured lenders and their counsel, if known, (iii) holders of the twenty (20) largest unsecured claims against the Debtor, and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

## No Prior Request

12. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Motion and such other and further relief as is just and proper.

Dated August 2, 2026

**STORJ LABS, INC.**

*/s/ Christopher R. Arthur*

Christopher R. Arthur (WVSB #7161)
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Blvd. E.
Charleston, WV 25301
(304) 531-9520 *(Phone)*
(304) 291-7979 *(Facsimile)*
carthur@spilmanlaw.com

*Proposed Debtor's Counsel*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Case No. 5:26-bk-00512 |
| | ) | |
| STORJ LABS, INC., | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | Judge David L. Bissett |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 2, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to all parties participating in the same, including:

Shari Lynne Collias, Esquire
Trial Attorney, Office of the U.S. Trustee
United States Courthouse, Room 2025
300 Virginia Street, East
Charleston, WV 25301
Telephone: (304) 347-3417
Facsimile: (304) 347-3402
shari.collias@usdoj.gov
*Counsel for U.S. Trustee*

*/s/ Christopher R. Arthur*
Christopher R. Arthur (WVSB #7161)

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Case No. 5:26-bk-00512 |
| | ) | |
| STORJ LABS, INC., | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | Judge David L. Bissett |
| | ) | |

**ORDER PURSUANT TO BANKRUPTCY RULE 1007(c) EXTENDING THE TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF CURRENT INCOME AND EXPENDITURES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS**

Upon the motion (the "Motion") of the above-captioned debtor in possession (the "Debtor") pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") (i) for an extension of the time within which the Debtor shall file its (a) schedules of assets and liabilities, (b) schedules of executory contracts and unexpired leases, and (c) statements of financial affairs, (collectively, the "Schedules"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, their creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth

in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this Order.

2. Pursuant to Bankruptcy Rule 1007(a)(4), the time by which the Debtor shall file its Schedules is extended an additional 14 days, through and including August 23, 2026, without prejudice to the Debtor's right to seek further extensions upon a showing of cause therefor; and it is further

3. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Prepared by:

*/s/ Christopher R. Arthur*
Christopher R. Arthur (WVSB #7161)
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Blvd. E.
Charleston, WV 25301
(304) 531-9520 *(Phone)*
(304) 291-7979 *(Facsimile)*
carthur@spilmanlaw.com