**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**In re: Storj Labs Inc.**

**Debtor.** **BK Case No. 5:26-bk-0012**

**Chapter 11 Reorganization**

**APPLICATION TO RETAIN AND EMPLOY**
**SPILMAN THOMAS & BATTLE, PLLC**
**AS COUNSEL FOR NUNC PRO TUNC TO THE PETITION DATE**

The above-captioned Debtor and Debtor in possession (the “Debtor”) files this application (this “Application”) for the entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtor to retain and employ Spilman Thomas & Battle, PLLC (“Spilman”) as its attorneys nunc pro tunc to the Petition Date (as defined herein). In support of this Application, Debtor submits the Declaration of Dr. Shuja Ali, Vice-president and Chief Restructuring Officer for the Debtor, (“the Ali Declaration”), which is attached hereto as Exhibit B, and further respectfully states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Northern District of West Virginia (the “Court”) has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Debtor confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the “Bankruptcy Rules”), to the entry of a final order by the Court in connection with this Application, to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The basis for the relief requested herein are sections 327(a), 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the “Bankruptcy Code”), Bankruptcy

Rules 2014(a); and Rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of West Virginia (the "Local Rules").

**BACKGROUND**

4. Debtor provides decentralized cloud storage service, primarily to individual users and a few enterprise clients. *See* Declaration of Dr. Shuja Ali, attached hereto as Exhibit A.

5. In December 2025, Debtor started to grow the sales team in an attempt to target large Enterprise clients with an aim to grow more revenues for its core product, Object Storage. Object Mount was being primarily developed for the media and entertainment industry but required considerable resources and failed to get traction in the target industry and other sectors. *Id*.

6. Debtor was also forced to divest from two other products, Petagene and Valdi, due to disappointing growth, with minimal recurring revenue achieved, resulting in the separation of the executives leading those products. *Id*.

7. Cost of payroll and technology has greatly exceeded income resulting in the Debtor currently being forced to file this chapter 11 restructuring. *Id*.

8. The Debtor further was forced to file this chapter 11 on an expedited timeline due to certain key creditors asserting that they were going to take actions which could result in loss of service to clients, leading to loss of their data as it would have been unrecoverable. *Id*.

9. Those actions would cripple the Debtor's ability to continue as a viable entity and to have an opportunity to restructure in a manner that will result in a viable and successful enterprise.

10. The Debtor has aggressively taken steps to step reduce its payroll and to overall expenses.

11. With the reduction of payroll, expenses, and certain protections afforded Storj by the chapter 11 bankruptcy, Storj is confident that it has a path to emerge successfully from the chapter 11 bankruptcy.

12. Storj also seeks to retain Spilman because of Spilman's expertise and experience in Chapter 11 Cases representing a variety of parties, including creditors, debtors, committees, lessors, lenders and contract parties.

13. I believe Spilman is both well-qualified and uniquely able to represent Storj in this Chapter 11 Case in an efficient and timely manner. *See* also Declaration of Chris Arthur, Exhibit B.

14. Prior to the Petition Date, Spilman received a retainer of $50,000 (the "Retainer") from the Debtor to perform necessary legal services to prepare the Chapter 11 Case for filing. Spilman incurred legal fees and expenses of $31,902 prior to the filing of the Chapter 11 Petition.

15. Pursuant to agreement of Storj and Spilman, Spilman will apply the remaining $18,098 portion of the Retainer to post-petition fees and expenses as such fees and expenses are allowed by the Court.

16. Debtor's key feature is the ability to provide a cheaper, more secure cloud storage service that spreads customer encrypted files across many computers worldwide instead of one data center. *Id.*

17. In 2025, Debtor started to grow the sales team in an attempt to target large enterprise clients with an aim to grow more revenues for its core product, Object Storage. *Id.* Object Mount was being primarily developed for the media and entertainment industry but required considerable resources and failed to get traction in the target industry and other sectors. *Id.*

**RELIEF REQUESTED**

By this application, Debtor seeks the entry of an order (the "Proposed Order"), substantially in the form attached hereto as Exhibit A, authorizing the retention and employment of Spilman as its counsel in accordance with the terms and conditions set forth herein.

**QUALIFICATIONS**

Spilman has experience and knowledge in the aspects of the laws that may arise in this case, including substantial bankruptcy, real estate, corporate, finance, employment, litigation, and tax expertise. *See* Declaration of Chris Arthur attached hereto as Exhibit B. Spilman has been actively involved in major Chapter 11 Cases in this region. Spilman has a vast amount of experience in cases representing a variety of parties, including creditors, debtors, creditors' committees, lenders and contract parties. In preparing for its representation of Debtor in this Chapter 11 Case, Spilman has become familiar with Debtor's business and many of the potential legal issues that may arise in the context of this Chapter 11 Case. Debtor believes that Spilman is both well-qualified and uniquely able to represent Debtor in this Chapter 11 Case in an efficient and timely manner.

**SERVICES TO BE PROVIDED**

Spilman's services are necessary to enable Debtor to execute faithfully its duties as a debtor-in-possession. Subject to further order of the Court, Debtor requests the retention and employment of Spilman to render the following legal services:

a. advising Debtor with respect to its powers and duties and the operation of its business and property;

b. advising and consulting on the conduct of this Chapter 11 Case, including all of the legal and administrative requirements of operating in chapter 11;

c. attending meetings and negotiating with representatives of creditors and other parties in interest;

d. taking all necessary actions to protect and preserve Debtor's estate, including prosecuting actions on Debtor's behalf, defending any action commenced against Debtor, and representing Debtor in negotiations concerning litigation in which Debtor is involved, including objections to claims filed against Debtor's estate;

e. preparing pleadings in connection with this Chapter 11 Case, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of Debtor's estate;

f. representing Debtor in connection with obtaining authority to continue using cash collateral;

g. advising Debtor in connection with any potential sale of assets;

h. appearing before the Court and any appellate courts to represent the interests of Debtor's estate;

i. taking any necessary action on behalf of Debtor to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

j. performing all other necessary legal services for Debtor in connection with the prosecution of this Chapter 11 Case, including: (i) analyzing Debtor's leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against Debtor; and (iii) advising Debtor on corporate and litigation matters.

It is necessary and essential that Debtor employ Spilman as it counsel to render the foregoing professional services, and Spilman has indicated a willingness to act on behalf of, and render such services to, Debtor.

**PROFESSIONAL COMPENSATION**

Spilman intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with this Chapter 11 Case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure Spilman will use in this Chapter 11 Case are the same as the hourly rates and corresponding rate structure that Spilman uses in other bankruptcy related matters, as well as its representations in other Chapter 11 cases. The hourly rates to be rendered by Spilman's professionals anticipated to be working on this case and applicable herein range from $375 per hour to $665 per hour for partners, counsel and associates and $200 for paraprofessionals. Spilman projects the blended rate to be approximately $500 – $550 per hour but such projection depends in large part on the issues that arise during the course of the Chapter 11 Case.

Spilman will charge Debtor for certain services provided and costs and expenses incurred in connection with the services provided. It is the policy of Spilman to charge its clients in all areas of practice for most expenses and costs incurred on behalf of a client and in connection with a client's case. Such expenses include, but are not limited to, travel expenses (mileage, parking, airfare, lodging, meals and ground transportation), delivery and courier services, express mail, computerized research tools such as LEXIS, WESTLAW and PACER, court costs and filing fees, court reporters, hearing transcripts, expert witnesses, and certain secretarial overtime expenses.

Spilman will charge Debtor for these costs and expenses consistent with charges generally made to the firm's other clients.

Prior to the Petition Date, Spilman received a retainer of $50,000.00 (the "Retainer") from Debtor to perform necessary legal services to prepare this Chapter 11 Case for filing and to assist Debtor with other legal needs as those issues arose. In the course of services as counsel to Debtor prior to the Petition Date, Spilman has applied $31,902 of the Retainer to prepetition invoices using the hourly rates provided above. Spilman's hourly rates are set at a level designed to compensate Spilman fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic firm-wide adjustments. Spilman will provide ten (10) days' notice to Debtor, the U.S. Trustee, and any official committee before implementing any periodic increases, and shall file any such notice with the Court. Hourly rates typically are adjusted at the beginning of each calendar year.

Moreover, the rate structure provided by Spilman is appropriate and substantially consistent with (a) the rates that Spilman charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Spilman will perform in this Chapter 11 Case.

Except as set forth herein, (a) no commitments have been made or received by Spilman with respect to compensation or payment in connection with this case other than in accordance with the provisions of the Bankruptcy Code; and (b) there is no agreement or understanding between Spilman and any other entity, other than a partner, associate or legal professional of Spilman, for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

As of the Petition Date, Debtor did not owe Spilman any amounts for legal services rendered before the Petition Date.

**DISINTERESTEDNESS OF COUNSEL**

As set forth herein, to the best of Debtor's knowledge, Spilman is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that, Spilman: a. is not a creditor, an equity security holder, or an insider of the Debtor; b. is not and was not, within two years before the date of filing of this Chapter 11 Case, a director, officer, or employee of Debtor; and c. does not have an interest materially adverse to the interest of Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor or for any other reason.

Further, Spilman has no connections with the creditors, any other party-in-interest, or it respective attorneys and accountants; and (b) the Spilman partners, counsel, associates and other legal professionals working on these matters are not relatives of and have no known connection with the U.S. Trustee or of any known employee in the office thereof, or the United States Bankruptcy Judge of the Northern District of West Virginia. *See* Declaration of Chris Arthur.

If any new material facts regarding relationships are discovered or arise, Spilman will provide the Court with a supplemental declaration.

**BASIS FOR RELIEF**

The Debtor submits that the retention of Spilman under the terms described herein is appropriate under sections 327(a), 328, and 1107(b) of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code empowers a debtor in possession, with the Court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are

disinterested persons, to represent or assist" the debtor-in-possession in carrying out its duties under the Bankruptcy Code. 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines a "disinterested person" as a person that: a. is not a creditor, an equity security holder, or an insider; b. is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and c. does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

For the reasons set forth herein and the Ali Declaration, Debtor believes that Spilman is a disinterested person within the meaning of section 101(14) of the Bankruptcy Code.

Because Debtor will require extensive legal advice and assistance with the sale and/or reorganization process, it is reasonable for the Debtor to seek to employ Spilman to serve as its counsel on the terms and conditions set forth herein.

To implement the foregoing successfully, Debtor seeks a waiver of the notice requirements under bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

**NOTICE**

Notice of this Application has been provided by email, facsimile or overnight mail to: (a) the Office of the United States Trustee for the Northern District of West Virginia; (b) the Office of the Attorney General of the State of West Virginia; (c) the twenty (20) largest unsecured creditors for Debtor; (d) Debtor's identified, interested taxing authorities, including the Internal Revenue Service; (e) Debtor's identified, interested government and regulating entities; (f) other interested parties as identified by Debtor; and (g) any known counsel for (a)-(g). The method of service for each party will be described more fully in the certificate of service. Debtor respectfully

submits that, based on the urgency of the circumstances surrounding this Application and the nature of the relief requested herein, no further notice is required.

**NO PRIOR REQUEST**

No prior request for the relief sought in this Application has been made to this or any other court.

**WHEREFORE**, Debtor respectfully requests that the Court enter an order, substantially in the form as the proposed Order attached hereto and granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated August 2, 2026

**STORJ LABS, INC.**
*/s/ Christopher R. Arthur*
Christopher R. Arthur (WVSB #7161)
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Blvd. E.
Charleston, WV 25301
(304) 531-9520 *(Phone)*
(304) 291-7979 *(Facsimile)*
carthur@spilmanlaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In re: Storj Labs Inc.

Debtor.

BK Case No. 5:26-bk-0012

Chapter 11 Reorganization

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 2, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to all parties participating in the same, including:

Shari Lynne Collias, Esquire
Trial Attorney, Office of the U.S. Trustee
United States Courthouse, Room 2025
300 Virginia Street, East
Charleston, WV 25301
Telephone: (304) 347-3417
Facsimile: (304) 347-3402
shari.collias@usdoj.gov
*Counsel for U.S. Trustee*

*/s/ Christopher R. Arthur*
Christopher R. Arthur (WVSB #7161)