IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In re: Storj Labs Inc.

Debtor.

BK Case No. 5:26-bk-0012

Chapter 11 Reorganization

DECLARATION OF DR. SAYED SHUJA ALI, VICE-PRESIDENT AND CHIEF RESTRUCTURING OFFICER IN SUPPORT OF STORJ LABS INC.'S ("STORJ") CHAPTER 11 FILING, THE DEBTOR'S EMERGENCY MOTION TO AUTHORIZE POST-PETITION FINANCING AND USE OF CASH COLLATERAL AND SCHEDULE A FINAL HEARING, AND APPLICATION TO RETAIN AND EMPLOY SPILMAN THOMAS & BATTLE PLLC AS COUNSEL FOR THE NUNC PRO TUNC TO THE PETITION DATE

I, Dr. Sayed Shuja Ali, being duly sworn, state the following under penalty of perjury:

1. I submit this declaration in support of Storj's Chapter 11 Bankruptcy filing, emergency motion to authorize post-petition financing and use of cash collateral, and application to retain and employ Spilman Thomas & Battle, PLLC as Counsel to represent its interests in the Chapter 11 as Debtor Nunc Pro Tunc to the Petition Date (the "Application").

2. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3. In December 2025, Storj started to grow the sales team in an attempt to target large Enterprise clients with an aim to grow more revenues for its core product, Object Storage. This initiative failed to generate revenues fast enough.

4. Object Mount was being primarily developed for the media and entertainment industry but required considerable resources and failed to get traction in the target industry and other sectors.

5. Storj was also forced to divest from two other products, Petagene and Valdi, due to disappointing growth, with minimal recurring revenue achieved, resulting in the separation of the executives leading those products.

6. Cost of payroll and technology has greatly exceeded income resulting in Storj currently being forced to file this chapter 11 restructuring.

7. Storj further was forced to file this chapter 11 on an expedited timeline due to certain key creditors asserting that they were going to take actions which could result in loss of service to clients, leading to loss of their data as it would have been unrecoverable.

8. Those actions would cripple Storj's ability to continue as a viable entity and to have an opportunity to restructure in a manner that will result in a viable and successful enterprise.

9. Storj has aggressively taken steps to step reduce its payroll and to overall expenses.

10. With the reduction of payroll, expenses, and certain protections afforded Storj by the chapter 11 bankruptcy, Storj is confident that it has a path to emerge successfully from the chapter 11 bankruptcy.

11. Storj also seeks to retain Spilman because of Spilman's expertise and experience in Chapter 11 Cases representing a variety of parties, including creditors, debtors, committees, lessors, lenders and contract parties.

12. I believe Spilman is both well-qualified and uniquely able to represent Storj in this Chapter 11 Case in an efficient and timely manner.

13. Prior to the Petition Date, Spilman received a retainer of $50,000 (the "Retainer") from the Debtor to perform necessary legal services to prepare the Chapter 11 Case for filing. Pursuant to agreement of Storj and Spilman, Spilman will apply any remaining portion of the Retainer to post-petition fees and expenses as such fees and expenses are allowed by the Court.

/s/ Dr. Sayed Shuja Ali
Dr. Sayed Shuja Ali
Vice-President and Chief Restructuring Officer