**IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Case No. 5:26-bk-00512 |
| | ) | |
| STORJ LABS, INC., | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtors. | ) | Judge David L. Bissett |
| | ) | |

**MOTION FOR ENTRY OF ORDER (I) AUTHORIZING USE OF PREPETITION BANK ACCOUNTS, AND (II) WAIVING THE REQUIREMENTS OF SECTION 345(b) OF THE BANKRUPTCY CODE**

Storj Labs, Inc., the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Case"), hereby moves the Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105, 345, 363, 364(b), and 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101- 1532 (the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the Debtor to continue using prepetition bank accounts, and (ii) waiving the requirements of section 345(b) of the Bankruptcy Code. In further support of the Motion, the Debtor respectfully represents as follows:

**Jurisdiction**

1. The Court has jurisdiction over this Case and the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this Case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The Debtor consents to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory and legal predicates for the relief requested herein are sections 105, 345, 363, 364(b), and 503(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

## Background

4. On July 26, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code initiating this Chapter 11 case (the "Case").

5. The Debtor continues to operate its business and manage its property as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed in this Case by the Office of the United States Trustee (the "U.S. Trustee").

6. On July 26, 2026, by executing those certain Resolutions of the members of Debtor (the "Filing Resolutions"), the Managing Member duly authorized (i) the Debtor's bankruptcy filing, the engagement of Spilman Thomas & Battle, PLLC to represent the Debtor in this case, and the engagement of other professionals as necessary in connection with the Debtor's bankruptcy case; and (ii) appointing Shuja Ali as the Authorized Officer to take such further actions as shall be necessary or desirable in his judgment to carry out the intentions of the members as indicated in the Filing Resolutions.

7. The Debtor's operating and deposit accounts are held at Western Alliance Bank (the "Bank"), a bank which appear on the U.S. Trustee's list of approved banks for this Division. Debtor also maintains a cryptocurrency investment account with Kraken and deminimus accounts with fintech company Mercury (the "Fintechs"). Neither Kraken nor Mercury appear as approved banks in this Division, however, Mercury's banking services are provided through Choice Financial Group and Column, N.A., both FDIC members.

## Relief Requested

8. By this Motion, the Debtor requests that the Court enter an order, pursuant to sections 105, 363, 364(b), and 503(b), of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) authorizing the Debtor to continue using prepetition bank accounts, and (ii) waiving the requirements of section 345(b) of the Bankruptcy Code .

## Basis for Relief

### I. The Court Should Authorize the Bank to Continue to Maintain, Service, and Administer the Bank Accounts in the Ordinary Course of Business.

9. The U.S. Trustee has set forth certain operating and reporting requirements for chapter 11 cases (the "U.S. Trustee Guidelines") that require debtors in possession to, among other things: (a) establish one debtor in possession bank account for all estate monies required for the payment of taxes, including payroll taxes; (b) close all existing bank accounts and open new debtor in possession accounts; (c) maintain a separate debtor in possession account for cash collateral; and (d) obtain checks that bear the designation "debtor in possession" and reference the bankruptcy case number and type of account on such checks. These requirements are designed to provide a clear line of demarcation between prepetition and post-petition claims and payments, and to help protect against the inadvertent payment of prepetition claims by preventing banks from honoring checks drawn before the Petition Date.

10. The Debtor respectfully requests that the Court authorize the Bank, at which the Debtor maintains bank accounts, to continue to maintain, service, and administer the bank accounts as accounts of the debtor in possession, without interruption and in the ordinary course of business. In this regard, the Bank should be authorized and directed to receive, process, honor and pay any and all checks and other instructions, and drafts payable through, drawn or directed on the bank

accounts after the Petition Date by holders, makers or other parties entitled to issue instructions with respect thereto.

11. The Debtor further requests that the Court authorize the Bank to accept and honor all representations from the Debtor as to which checks, drafts or wires should be honored or dishonored consistent with any order of the Court and governing law, whether such checks, drafts or wires are dated before or after the Petition Date. The Debtor also requests that, to the extent a Bank honors a prepetition check or other item drawn on any account either (a) at the direction of the Debtor; (b) in a good-faith belief that the Court has authorized such prepetition check or item to be honored; or (c) as a result of an innocent mistake made despite the above-described protective measures, such Bank shall not be deemed to be liable to the Debtor or its estate on account of such prepetition check or other item honored post-petition. The Debtor respectfully submits that such relief is reasonable and appropriate because the Bank is not able to independently verify or audit whether a particular item may be paid in accordance with a Court order or otherwise. The Debtor further requests that the Banks be authorized to (a) honor the Debtor's directions with respect to the opening, re-opening, and closing of any bank account, and (b) accept and hold, or invest, the Debtor's funds in accordance with the Debtor's instructions: provided in each case that the Debtor's Banks shall not have any liability to any party for relying on such representations.

12. In other chapter 11 cases, courts, including in this jurisdiction, have granted substantially similar relief. *See e.g., In re Land America Financial Group, Inc.*, Case No. 08- 35994 (Bankr. E.D. Va. Dec. 2, 2008); *In re: Circuit City Stores, Inc. et al.*, Case No. 08-35653 (Bankr. E.D. Va. Nov. 10, 2008); *In re Movie Gallery, Inc., et al.*, Case No. 07-33849 (Bankr. E.D. Va. Oct. 17, 2007); *In re Storehouse, Inc.*, Case No. 06-11144 (Bankr. E.D. Va. Sept. 20, 2006); *In re Rowe Furniture, Inc.*, Case No. 06-11143 (Bankr. E.D. Va. Sept. 20, 2006); *In re The Rowe Cos.*, Case

No. 06-11142 (Bankr. E.D. Va. Sept. 20, 2006). Similar authorization is likewise appropriate in this Case.

**II. The Deposit and Investment Requirements of Section 345(b) of the Bankruptcy Code Should be Waived as to the Fintechs.**

13. Section 345(a) of the Bankruptcy Code authorizes deposit or investment of the money of the estate, such as cash, as "will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment." 11 U.S.C. § 345(a). Although section 345(a) generally requires that, with respect to deposits and investments that are not "insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States," the estate must require a bond in favor of the United States secured by the undertaking of a U.S. Trustee approved corporate surety, the court is permitted to dispense with this undertaking "for cause." 11 U.S.C. § 345(b).

14. The Court's ability to excuse strict performance of the requirements of section 345(b) of the Bankruptcy Code "for cause" arises from the 1994 amendments to the Bankruptcy Code. The legislative history of those amendments provides, in pertinent part, as follows:

> Section 345 of the Code governs investments of the funds of bankruptcy estates. The purpose[] is to make sure that funds of a bankrupt that are obliged to creditors are invested prudently and safely with the eventual goal of being able to satisfy all claims against the bankruptcy estate. Under current law, all investments are required to be FDIC insured, collateralized or bonded. While this requirement is wise in the case of a smaller debtor with limited funds that cannot afford a risky investment to be lost, it can work to needlessly handcuff larger, more sophisticated debtors. This section would amend the Code to allow the courts to approve investments other than those permitted by section 345(b) for just cause, thereby overruling In re Columbia Gas Systems, Inc., 33 F.3d 294 (3d Cir. 1994).

*In re Serv. Merch. Co.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999) (quoting H.R. Rep. No. 103-835, at 46-47 (1994), reprinted in 1994 U.S.C.C.A.N. 3340, 3355).

15. In determining whether the "cause" standard under section 345(b) of the Bankruptcy Code has been met, courts consider a "totality of the circumstances analysis," utilizing the following factors: (a) the sophistication of the debtors' business; (b) the size of the debtors' business operations; (c) the amount of the funds involved; (d) the bank ratings (Moody's and Standard and Poor) of the financial institutions where the debtor in possession funds are held; (e) the complexity of the case; (f) the safeguards in place within the debtor's own business of insuring the safety of the funds; (g) the debtor's ability to reorganize in the face of a failure of one or more of the financial institutions; (h) the benefit to the debtor; (i) the harm, if any, to the estate; and (j) the reasonableness of the debtor's request for relief from the section 345(b) requirements in light of the overall circumstances of the case. *In re Serv. Merch.*, 240 B.R. at 896.

16. Here, cause exists to grant a waiver of the requirements of section 345(b) of the Bankruptcy Code as to Kraken as forcing a liquidation of Debtor's cryptocurrency positions to convert the cryptocurrency into U.S. dollars capable of deposit into an approved depository may diminish or waste the potential recovery for the estate and creditors. Debtor's cryptocurrency positions are *de minimis*, with Debtor's Kraken account consisting of approximately $35.45 in cash, 0.2428665900 in Storj crypto valued at approximately $0.0180, and 2.1982980262 in Ethereum valued at $3,452.25 as of June 30, 2026. Given the sometimes volatile nature of the cryptocurrency market, it is possible that these *de minimis* holdings may appreciate in value and, given the low amounts, there is little risk in diminishing value. The costs associated with satisfying the requirements of section 345(b) as to the Kraken account, especially in light of the small amount of funds involved, make satisfying such requirements impracticable. Therefore, the Court may grant a waiver of the section 345(b) requirement.

17. Here, cause exists to grant a waiver of the requirements of section 345(b) of the Bankruptcy Code as to Mercury as its banking services are provided by well-capitalized depositories insured by the Federal Deposit Insurance Corporation ("FDIC"). The Debtor's funds held in the Mercury accounts totaled approximately $85.71 as of June 30, 2025. The costs associated with satisfying the requirements of section 345(b) as to the Mercury accounts, especially in light of the small amount of funds involved, make satisfying such requirements impracticable. Therefore, the Court may grant a waiver of the section 345(b) requirement.

## Immediate Relief is Necessary

18. Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. As set forth in this Motion, the requirement of the Debtor to strictly adhere to the U.S. Trustee Guidelines would substantially diminish or impair the Debtor's efforts in this chapter 11 case to preserve and maximize the value of its estate.

19. For this reason and those set forth above, the Debtor respectfully submits that Bankruptcy Rule 6003(b) has been satisfied and the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtor and its estate.

## Waiver of Any Applicable Stay

20. The Debtor also requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above and in the First Day Declaration, the relief that the Debtor seeks in this Motion is necessary for the Debtor to operate its business without interruption and to preserve value for its estate. Accordingly, the Debtor respectfully requests that

the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## Notice

21. The Debtor will provide notice of this Motion to: (i) the Office of the U.S. Trustee; (ii) the Debtor's prepetition secured lenders and their counsel, if known, (iii) holders of the twenty (20) largest unsecured claims against the Debtor, (iv) the Bank, and (v) the Fintechs. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

22. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Motion and such other and further relief as is just and proper.

Dated August 2, 2026

**STORJ LABS, INC.**

*/s/ Christopher R. Arthur*
Christopher R. Arthur (WVSB #7161)
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Blvd. E.
Charleston, WV 25301
(304) 531-9520 *(Phone)*
(304) 291-7979 *(Facsimile)*
carthur@spilmanlaw.com

*Proposed Debtor's Counsel*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Case No. 1:25-bk-00515 |
| | ) | |
| WESTRIDGE COMMERCE CENTRE DEVELOPMENT 2E, LLC, | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | Judge David L. Bissett |
| | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on August 2, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to all parties participating in the same, including:

Shari Lynne Collias, Esquire
Trial Attorney, Office of the U.S. Trustee
United States Courthouse, Room 2025
300 Virginia Street, East
Charleston, WV 25301
Telephone: (304) 347-3417
Facsimile: (304) 347-3402
shari.collias@usdoj.gov
*Counsel for U.S. Trustee*

*<u>/s/ Christopher R. Arthur</u>*
Christopher R. Arthur (WVSB #7161)

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Case No. 5:26-bk-00512 |
| | ) | |
| STORJ LABS, INC., | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtors. | ) | Judge David L. Bissett |
| | ) | |

**ORDER (I) AUTHORIZING USE OF PREPETITION BANK ACCOUNTS, AND (II) WAIVING THE REQUIREMENTS OF SECTION 345(b) OF THE BANKRUPTCY CODE**

Upon the motion (the "Motion") of the debtor and debtor in possession (the "Debtor") for entry of an order (this "Order"), pursuant to sections 105(a), 345, 363, and 503(b)(1) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtor to (a) to continue its existing cash management system (the "Cash Management System") at its existing banks and investment institutions (the "Bank" and "Fintechs"), consistent with its prepetition practices, and (b) waive the requirements of section 345(b) of the Bankruptcy Code, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declaration, filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and upon all of the proceedings had before the court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby GRANTED.

2. Except as otherwise provided herein, the Debtor is authorized, but not directed, to continue operating the cash Management System as described in the Motion.

3. The Debtor is further authorized, but not directed, to: (a) continue to use, with the same account numbers, its bank accounts in existence as of the Petition Date; (b) deposit funds in and withdraw funds from its bank accounts by all usual means, including checks, wire transfers, and other debits; (c) pay any Bank and Fintech Fees (including any prepetition amounts) incurred in connection with its bank accounts; and (d) perform its obligations under the documents governing its bank accounts.

4. The requirements of the U.S. Trustee Guidelines that the Debtor close all bank accounts and open new debtor-in-possession are hereby waived. In addition, the requirements of the U.S. Trustee Guidelines that the Debtor establish specific bank accounts are hereby waived.

5. Except as otherwise expressly provided in this Order, the Bank and Fintechs are authorized to continue to maintain, service, and administer the Debtor's bank accounts without interruption and in the ordinary course in accordance with prepetition practices, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued, presented, or drawn on the Debtor's bank accounts when presented for payment.

6. Subject to the terms set forth herein, the Bank and Fintechs may rely upon the representations of the Debtor with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtor prior to, on, or after the Petition Date should be honored pursuant to any order of the Court, and no Bank or Fintech shall be held liable for actions taken (a) at the direction of the Debtor or (b) in a good-faith belief that the Court has authorized such action.

7. The Debtor and the Bank and Fintechs are hereby authorized to continue to perform pursuant to the terms of any unexpired prepetition cash management agreements that may exist between them, except and to the extent set forth in this Order and except as amended, modified, or supplemented by agreement between the Debtor and the Bank and Fintechs in the ordinary course of business.

8. The Debtor is authorized to implement changes to the Cash Management System and procedures related thereto in the ordinary course of business, including (a) opening any new bank accounts or closing any existing bank accounts and (b) entering into any ancillary agreements, including new deposit account control agreements, related to the foregoing, as it may

deem necessary and appropriate; provided that the Debtor give notices within 14 days to the U.S. Trustee and any statutory committees, if any, appointed in this chapter 11 case.

9. Nothing contained in the Motion or this Order, nor any action taken pursuant to the authority granted by this Order, shall constitute or be construed as (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtor's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law.

10. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

11. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

12. Under the circumstances of this chapter 11 case, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

13. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

14. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order.

15. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Prepared by:

*/s/ Christopher R. Arthur*

Christopher R. Arthur (WVSB #7161)
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Blvd. E.
Charleston, WV 25301
(304) 531-9520 *(Phone)*
(304) 291-7979 *(Facsimile)*
carthur@spilmanlaw.com