**IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Case No. 5:26-bk-00512 |
| | ) | |
| STORJ LABS, INC., | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtors. | ) | Judge David L. Bissett |
| | ) | |

**ORDER (I) AUTHORIZING USE OF PREPETITION BANK ACCOUNTS, AND (II) WAIVING THE <u>REQUIREMENTS OF SECTION 345(b) OF THE BANKRUPTCY CODE</u>**

Upon the motion (the "Motion") of the debtor and debtor in possession (the "Debtor") for entry of an order (this "Order"), pursuant to sections 105(a), 345, 363, and 503(b)(1) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtor to (a) to continue its existing cash management system (the "Cash Management System") at its existing banks and investment institutions (the "<u>Bank</u>" and "<u>Fintechs</u>"), consistent with its prepetition practices, and (b) waive the requirements of section 345(b) of the Bankruptcy Code, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declaration, filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and upon all of the proceedings had before the court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby GRANTED.

2. Except as otherwise provided herein, the Debtor is authorized, but not directed, to continue operating the cash Management System as described in the Motion.

3. The Debtor is further authorized, but not directed, to: (a) continue to use, with the same account numbers, its bank accounts in existence as of the Petition Date; (b) deposit funds in and withdraw funds from its bank accounts by all usual means, including checks, wire transfers, and other debits; (c) pay any Bank and Fintech Fees (including any prepetition amounts) incurred in connection with its bank accounts; and (d) perform its obligations under the documents governing its bank accounts.

4. The requirements of the U.S. Trustee Guidelines that the Debtor close all bank accounts and open new debtor-in-possession are hereby waived. In addition, the requirements of the U.S. Trustee Guidelines that the Debtor establish specific bank accounts are hereby waived.

5. Except as otherwise expressly provided in this Order, the Bank and Fintechs are authorized to continue to maintain, service, and administer the Debtor's bank accounts without interruption and in the ordinary course in accordance with prepetition practices, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued, presented, or drawn on the Debtor's bank accounts when presented for payment.

6. Subject to the terms set forth herein, the Bank and Fintechs may rely upon the representations of the Debtor with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtor prior to, on, or after the Petition Date should be honored pursuant to any order of the Court, and no Bank or Fintech shall be held liable for actions taken (a) at the direction of the Debtor or (b) in a good-faith belief that the Court has authorized such action.

7. The Debtor and the Bank and Fintechs are hereby authorized to continue to perform pursuant to the terms of any unexpired prepetition cash management agreements that may exist between them, except and to the extent set forth in this Order and except as amended, modified, or supplemented by agreement between the Debtor and the Bank and Fintechs in the ordinary course of business.

8. The Debtor is authorized to implement changes to the Cash Management System and procedures related thereto in the ordinary course of business, including (a) opening any new bank accounts or closing any existing bank accounts and (b) entering into any ancillary agreements, including new deposit account control agreements, related to the foregoing, as it may

deem necessary and appropriate; provided that the Debtor give notices within 14 days to the U.S. Trustee and any statutory committees, if any, appointed in this chapter 11 case.

9. Nothing contained in the Motion or this Order, nor any action taken pursuant to the authority granted by this Order, shall constitute or be construed as (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtor's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law.

10. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

11. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

12. Under the circumstances of this chapter 11 case, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

13. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

14. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order.

15. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Prepared by:

*/s/ Christopher R. Arthur*
Christopher R. Arthur (WVSB #7161)
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Blvd. E.
Charleston, WV 25301
(304) 531-9520 *(Phone)*
(304) 291-7979 *(Facsimile)*
carthur@spilmanlaw.com