IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

In re:

STORJ LABS, INC.,                                        Case No. 5:26-bk-00512

               Debtor.                              Chapter 11

**OBJECTION OF ACTING UNITED STATES TRUSTEE
TO DEBTOR'S MOTION FOR ENTRY OF ORDER (I) AUTHORIZING USE OF
PREPETITION BANK ACCOUNTS AND (II) WAIVING THE REQUIREMENTS OF
SECTION 345(b) OF THE BANKRUPTCY CODE**

The Acting United States Trustee for Region 4, Matthew W. Cheney ("UST"), by

counsel, objects to the debtor's Motion for Entry of Order (I) Authorizing Use of Prepetition

Bank Accounts and (II) Waiving the Requirements of Section 345(b) of the Bankruptcy Code

[ECF Doc. No. 12] (hereinafter the "Motion").  In support of the objection the UST states:

**JURISDICTION AND VENUE**

1.   The Court has jurisdiction to consider this matter under 18 U.S.C. §§157 and 1334.
This is a core proceeding under 28 U.S.C. §157(b)(a).

2.   Venue is proper in this district under 28 U.S.C. §1408.

3.   The United States Trustee has standing to file this objection pursuant to 11 U.S.C.
§307 and is entrusted with monitoring the progress of cases filed under Chapter 11 pursuant to
28 U.S.C. §586(a)(3)(G).

4.   The debtor, Storj Labs, Inc. filed a petition for relief under of Chapter 11
of the Bankruptcy Code on July 26, 2026.

**BACKGROUND**

5.   On August 2, 2026, the debtor filed the Motion seeking entry of Order authorizing it to maintain its cash management system and specifically to allow it to continue to use its prepetition account with Western Alliance Bank, which is an approved depository, and waiving the requirement of 11 U.S.C. 345(b) as to the debtor's cryptocurrency account with Kraken and Mercury (hereinafter "Fintech" accounts).

6.   In support of the Motion, the debtor states that "cause exists to grant a waiver of the requirements of 341(b) of the Bankruptcy Code as to Kraken as forcing a liquidation of the Debtor's cryptocurrency positions to convert the cryptocurrency into U.S. dollars capable of deposit into an approved depository may diminish or waste the potential recovery for the estate and creditors". The motion estimates the value of the debtor's Kraken account at approximately $3,452.25 and the value of the Mercury account as $85.71, both as of June 30, 2026.

7.   In addition, the debtor requests that this Court waive the standard requirement that it close its prepetition accounts with Western Alliance Bank and open new debtor-in-possession accounts with Western Alliance Bank, or another approved depository.

8.   The debtor is engaged in providing cloud-based storage to various industries. According to the affidavit of Dr. Sayed Shua Ali [ECF Doc No. 11-1], Storj Labs, Inc. was forced to file this bankruptcy on an expedited timeline due to certain key creditors asserting that they were going to take actions which could result in loss of service to clients, which would have resulted in an unrecoverable loss of client data. The debtor has filed a motion to extend time to

file schedules.  Therefore, at this point creditors have very limited information concerning the debtor's operations and assets.

9.   The Operating Order entered by the Court on July 27, 2026 [ECF Doc. No. 3], requires the debtor to reconcile existing pre-petition bank accounts and open new debtor in possession bank accounts that comply with the requirements of 11 U.S.C. §345.  Absent court authorization, the accounts may be maintained only in depositories that agree to post a bond or pledge securities for all deposits no insured by or guaranteed by the United States or by a department, agency or instrumentality of the United States, bank by the full faith and credit of the United States.  11 U.S.C. §345(b).

## ARGUMENT

10. Section 345(a) of the Bankruptcy Code requires a trustee or debtor in possession to deposit or invest money of the estate so that it will result in the "maximum reasonable net return . . .[while] taking into account the safety of such deposit or investment."  See 11 U.S.C. §345(a).

11. Section 345(b) of the Bankruptcy Code imposes certain requirements as to where estate funds can be held in order protect the funds for the benefit of all creditors.  Unless a deposit or investment is insured or guaranteed by the United States (or a federal department, agency, or instrumentality) or backed by the full faith and credit of the United States, the trustee or debtor in possession must require from an entity with whom estates' funds are deposited to post a bond in favor of the United States, or in the alternative, deposit securities of the type specified in section 9303 of title 31 of the United States Code as security for the investment or deposit.  See 11 U.S.C. §345(b).

12. To ensure that trustees and debtors in possession meet their responsibilities to safeguard funds in accordance with these provisions of the Bankruptcy Code, the United States Trustee monitors fiduciaries and depositories, and requires that chapter 11 estate assets be held in debtor in possession accounts at "authorized depositories," i.e., those that have entered into a Uniform Depository Agreement ("UDA") with the United States Trustee.  See United States Trustee Program Policy and Practices Manual, Volume 7, "Banking and Bonding" (the "Manual"), §§7-1.1 – 7.1.2.

13. The UDA requires the depository to maintain collateral, unless an order of the bankruptcy court provides otherwise, in an amount of no less than 115 percent of the aggregate bankruptcy funds on deposit in each bankruptcy estate that exceeds the FDIC insurance limit.  *See* Manual, § 7- 1.2.1.  Pursuant to the UDA, each authorized depository is required to provide quarterly reports for all bankruptcy estate accounts on deposit at all branches of the depository within the district. *See* Manual, § 7- 1.3. 2.

14. The UDA aims to safeguard estates' monies on deposit at UDA banks if those banks encounter difficulties during the case.  Specifically, the UDA makes all estate monies on deposit immediately due and payable if the depository bank fails, suspends active operations or becomes insolvent, or if a receiver, conservator or liquidator is appointed for the bank.  In such events, the UDA gives the United State Trustee the immediate right to seek recourse against any surety bond the bank obtained or unilaterally demanded turnover and take actual or constructive possession of all securities the bank had pledged as collateral with the Federal Reserve, without notice to the bank.

15. The Motion correctly points out that the Fintech accounts are not on the list of authorized depositories in the District of West Virginia.  Nevertheless, the debtor claims that since Mercury's banking services are provided through Choice Financial Group and Column, N.A., both FDIC members, there is sufficient cause to waive the requirements of 345(b).  The UST does not agree.  11 U.S.C. 345(b) clearly states that estate funds must be **held** [emphasis added] where the funds are protected for the benefit of all creditors.  The debtor's funds in the case of Kraken and Mercury are held by those institutions, neither of which is insured or guaranteed by the full faith and credit of the United States Constitution.

16. The need to maintain bankruptcy funds in an "authorized" depository account is critical to the protection of estate property.  Banking institutions that are parties to the United States Trustee's UDA, must provide monthly or quarterly reporting of estate funds to the United States Trustee.  This reporting provides the additional protection and assures that estate funds do not exceed FDIC insurance limits without proper collateralization **and** that the debtor accurately reports bank balances in the Monthly Operating Reports ("MORs") filed with the Court.[1]  Even if the transactions that occur in its business account is below the FDIC insurance limit, this does not address the reporting benefit provided by having funds in an "authorized" depository.

17. The debtor's argument that requiring it to open a new debtor-in-possession accounts at Western Alliance Bank, or another authorized depository, will create an unnecessary burden upon the debtor and disrupt its efforts to reorganize does not justify the debtor's request to be excused from complying with the requirements of 11 U.S.C. §345 and this Court's standard operating order. If the debtor wishes to continue banking with Western Alliance Bank, it need

---

[1] While it is assumed that this debtor will timely file all required MORs with bank account statements, history indicates that not all debtors file timely reports or attach necessary bank statements. The reporting requirement contained in the depository agreement with the United States Trustee helps ensure that estate funds are adequately protected.

only close its prepetition account and open a new debtor-in-possession account with Western Alliance Bank to ensure there is a clear delineation between pre-filing and post-filing transactions.

**WHEREFORE**, the UST objects to the Motion; requests a hearing on this objection; and for such other and further relief as the Court deems appropriate.

Date: August 3, 2026                                      Respectfully submitted,

**MATTHEW W. CHENEY,**
**Acting United States Trustee**
**Region 4**

**By Counsel**

By Counsel
/s/ *Shari Collias*
Shari Collias (WV Bar No. 4997)
Trial Attorney, Office of U.S. Trustee
United States Courthouse, Room 2025
300 Virginia Street East
Charleston, WV  25301
(304)347-3400
Shari.Collias@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on this day I electronically filed the foregoing pleading of the Court using the CM/ECF System, and have served the foregoing motion upon the parties shown below via regular U. S. mail, postage prepaid or via electronic mail:

Christopher Arthur
*Attorney for Debtor*

All parties who have requested electronic notification of proceedings in this case by filing the appropriate Notice with the Court will receive the same via CM/ECF.

Storj Labs, Inc.
1201 W. Peachtree St., NW, Ste 2625
Atlanta, GA  30309-2955


/s/ *Shari Collias*
Shari Collias (WV Bar No. 4997)
Trial Attorney, Office of U.S. Trustee
United States Courthouse, Room 2025
300 Virginia Street East
Charleston, WV  25301
(304)347-3400
Shari.Collias@usdoj.gov