IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In re: Storj Labs Inc.

Debtor.

BK Case No. 5:26-bk-0012

Chapter 11 Reorganization

**ORDER GRANTING APPLICATION ON AN INTERIM BASIS TO RETAIN AND EMPLOY SPILMAN THOMAS & BATTLE, PLLC AS COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION NUNC PRO TUNC TO THE PETITION DATE**

Upon the application (the "Application") of the above-captioned Debtor Storj Labs Inc. and Debtor in possession (the "Debtor") for the entry of an INTERIM order (this "Order") authorizing the Debtor to retain and employ Spilman Thomas & Battle PLLC ("Spilman") as counsel effective nunc pro tunc to the Petition Date, pursuant to sections 327(a) and 330 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-l of the Local Rules for the Northern District of West Virginia (the "Local Rules"); and the Court being satisfied based on the representations made in the Application and in the Ali and Arthur Declarations that Spilman represents no interest adverse to the Debtor's estate with respect to the matters upon which they are to be engaged, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that its employment is necessary and in the best interests of the Debtor's estate; and the terms set forth in the Application are reasonable terms for the purposes of section 328(a) of the Bankruptcy Code; and consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Application having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore, it is hereby ordered that:

The Application is **GRANTED on an interim basis** as provided herein, subject to final approval after affording any interested party an opportunity to object to the application if any party so desires prior to the final hearing scheduled to occur on August 25, 2026.

In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 9013-1, the Debtor is authorized to employ and retain Spilman as counsel to the Debtor on the terms set forth in the Application as modified by this Order. Spilman shall be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order and any other applicable orders of this Court. Spilman shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 Case in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

At least ten (10) business days prior to applying any increases in its hourly rates beyond the rates set forth in the Application, Spilman shall file with the Court a notice of such increases and serve such notice on the master service list. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

The Debtor and Spilman are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application. Notice of the Application as

provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application. To the extent the Application or Ali Declaration is inconsistent with this Order, the terms of this Order shall govern.

The terms and conditions of this Order shall be immediately effective and enforceable upon its entry. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Prepared by:

*/s/ Christopher R. Arthur*
Christopher R. Arthur (WVSB #7161)
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Blvd. E.
Charleston, WV 25301
(304) 531-9520 *(Phone)*
(304) 291-7979 *(Facsimile)*
carthur@spilmanlaw.com