

David L. Bissett
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | Case No. 5:26-bk-00512 |
| | ) | |
| STORJ LABS, INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge David L. Bissett |

**INTERIM ORDER AUTHORIZING POST-PETITION FINANCING, USE OF CASH
COLLATERAL, AND SCHEDULING FINAL HEARING**

Storj Labs, Inc., debtor in possession in the above-captioned case (the "Debtor") filed "Emergency Motion to Authorize Post-Petition Financing and Use of Cash Collateral and Schedule a Final Hearing" (hereinafter ("Emergency Motion") [ECF No. 14] pursuant to sections 105, 361, 362, 363, 364, and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 4001, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 4001-2, and 9013-1 of the United States Bankruptcy Court for the Northern District of West Virginia Local Rules (the "Local Rules"). The Debtor moved this Court for entry of an interim order ("Interim Order") and a final order (the "Final Order"), (the "DIP Orders"), (i) authorizing the Debtor to obtain post-petition financing from Inveniam Capital Partners, Inc., a Delaware Corporation ("DIP Lender"), on the terms described in the Emergency Motion and in "Debtor-in-Possession Credit Agreement"; (ii) authorizing the Debtor to use cash collateral; (iii) scheduling a final hearing with respect to the relief requested herein; and (iv) granting related relief. On August 4, 2026, the Court held a hearing on the Emergency Motion.

1

Based on the evidence submitted and arguments proffered at the interim hearing held before this Court on August 4, 2026 (the "Interim Hearing"), and due and proper notice of the Interim Hearing having been given in accordance with Bankruptcy Rules 4001 and 9014; and it appearing that no other or further notice need be provided; and no objections having been filed to the relief requested ; and after due deliberation and consideration, and for good and sufficient cause appearing therefor:

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

1.      The United States Bankruptcy Court for the Northern District of West Virginia ("Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Debtor confirmed its consent, under Rule 7008 of the Federal Rules of Bankruptcy Procedure, to the entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the requested relief are sections 105, 361, 362, 363, 364, and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rules 2002-1, 4001-2, and 9013-1.

5.      Debtor provides decentralized cloud storage service, primarily to individual users and a few enterprise clients.    Debtor's key feature is the ability to provide a cheaper, more secure cloud storage service that spreads customer encrypted files across many computers worldwide instead of one data center. In 2025, Debtor started to grow the sales team in an attempt to target large enterprise clients with an aim to grow more revenues for its core product, Object Storage.

2

However, the cost of payroll and technology greatly exceeded income, which resulted in the debtor filing this Chapter 11 proceeding on an emergency basis.

6.      is confident that it has a path to emerge successfully from the chapter 11 bankruptcy. *Id.*

By the Emergency Motion and representations by counsel, and pursuant to sections 105, 361, 362, 363, 364, and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rules 2002-1, 4001- 2, and 9013-1, the Debtor requested that this Court enter an Interim Order authorizing it to enter into:

a. DIP Credit Agreement. Authorizing Debtor to obtain secured post-petition financing on a superpriority basis consisting of $388,000 (the "DIP Credit Agreement") to be distributed in the following installments: $100,000 immediately or soon after entry of the Interim Order; and the remaining $288,000 immediately or soon after entry of the Final Order, as on the terms described in the Emergency Motion and as set out in the DIP Credit Agreement attached to the Emergency Motion as Exhibit B;

b. In consideration for providing the DIP financing described herein, the DIP Lender shall be granted an allowed superpriority administrative expense claim in  this Chapter 11 case

c.  The DIP Lender shall be granted an  automatically perfected first priority security interests in and liens (the "DIP Liens") on all of the real and personal property, whether now existing or hereafter acquired or arising, tangible or intangible, of Debtor as further described in the DIP Credit Agreement, including all property constituting "cash collateral" as defined in section 363 of the Bankruptcy Code ("Cash Collateral"), which DIP Liens shall be senior to all other liens and security interests in or against Debtor or Debtor's assets or properties except for the Prepetition Liens (solely to the extent such Prepetition Liens were validly attached and perfected prior to the Petition Date),

3

in which case the DIP Liens shall be junior to all such validly attached and perfected Prepetition Liens as of the Petition Date.

d. The debtor seeks authorization to use the proceeds of the DIP loan as permitted by the DIP Credit Agreement, including, among other things, for (i) payment of wages; (ii) working capital and other general corporate purposes, including expenses to continue and complete ongoing development and infrastructure projects, (iii) payment of costs and expenses, including professional fees, of administering these Chapter 11 Cases, and (iv) paying other Court-approved expenses, in each case as set forth in the Interim Budget attached to the Emergency Motion as Exhibit C or Budget, as applicable (each as defined in the DIP Credit Agreement) or otherwise approved in advance and in writing by the DIP Lender.

e. The debtor seeks authorization to . Cash Collateral (as defined in the Emergency Motion) and any other assets, on the terms and subject to the conditions set forth in the DIP Credit Agreement; and

Based on evidence and proffers placed on the record during the August 4, 2026 expedited hearing on the Emergency Motion, the Court FINDS approval of the DIP Credit Agreement and the Debtor's request for use of cash collateral because

i. The debtor is unable to obtain unsecured credit under section 364(b), i.e., by allowing a lender only an administrative claim;

ii. The credit transaction is necessary to preserve the assets of the estate; and

iii. The terms of the transaction are fair, reasonable, and adequate, given the circumstances of the debtor-borrower and the proposed lender.

The Court further FINDS that the funds and liquidity to be provided by the DIP Credit Agreement is vital to enable Debtor to continue to operate during this Chapter 11 Case to allow

Debtor to work towards a value-maximizing restructuring that is in the best interests of Debtor's estate, its creditors, and other stakeholders. Failure to obtain the DIP Facility will cause Debtor to be unable to meet its post-petition operating expenses in the ordinary course of business, thereby leading to the likely wind-down of Debtor's business. Moreover, access to the DIP Facility will afford Debtor's vendors and counterparties to executory contracts the necessary confidence to continue their ongoing relationships with Debtor and will be viewed favorably by Debtor's vendors and counterparties to executory contracts, thereby enhancing the prospect for a successful reorganization.

The Court also FINDS that the Debtor has satisfied the requirements of sections 363(c)(2) and 363(e) and should be authorized to use the Cash Collateral as defined in the Emergency Motion on an interim basis under the terms set forth the DIP Credit Agreement because the Debtor has an urgent need to use the Cash Collateral and  the proceeds of the DIP Credit Agreement, to honor obligations critical to its ongoing operations—including to pay employees, vendors, and counterparties to executory contracts—critical to Debtor's efforts to reorganize. Absent access to Cash Collateral, Debtor cannot continue to operate its businesses postpetition, diminishing the value of Debtor's estate to the detriment of all stakeholders.

The Court further FINDS that the DIP Credit Agreement is the result of arm's length, good faith negotiations between Debtor and the DIP Lender. The terms and conditions of the DIP Credit Agreement are not only fair and reasonable, but the proceeds of the DIP Credit Agreement will be used only for purposes that are permissible under the Bankruptcy Code.

**NOW THEREFORE**, based upon the representations contained in the Emergency Motion, the DIP Credit Agreement, the evidence presented and the proffers made at the expedited hearing to consider interim relief on August 4, 2026, and after due consideration, and good and sufficient cause appearing therefore, it is

**ORDERED** that the Emergency Motion of the debtor for DIP financing and for use of cash collateral is **GRANTED** on an interim basis as set forth above; it is further

**ORDERED** that a final hearing on the Debtor's Emergency Motion for Authorization to Obtain DIP Financing and for use of Cash Collateral shall be held on **August 25, 2026, at 1:30 p.m.** in the L. Edward Friend II Bankruptcy Courtroom, 1125 Chapline Street, Wheeling, West Virginia. Objections must be filed no later than **August 21, 2026, at 4:00 p.m**. (EST).  In the absence of any timely filed objection, the Court may, in its discretion, enter a final order and cancel the hearing on August 25, 2026.

Prepared by:

*/s/ Christopher R. Arthur*
Christopher R. Arthur (WVSB #7161)
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Blvd. E.
Charleston, WV 25301
(304) 531-9520 *(Phone)*
(304) 291-7979 *(Facsimile)*
carthur@spilmanlaw.com

6

United States Bankruptcy Court
Northern District of West Virginia

In re:                                                                                                    Case No. 26-00512-dlb

Storj Labs Inc.                                                                                           Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0424-5                              User: ad                                    Page 1 of 3
Date Rcvd: Aug 05, 2026                           Form ID: pdfdoc                             Total Noticed: 51

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |
| ## | Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 07, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | | Storj Labs Inc., 1202 W Peachtree St. NW Ste 2625, Atlanta, GA 30309-2955 |
| 1731112 | + | 66Degrees LLC, 425 W Randolph St, Suite 300, Chicago, IL 60606-1530 |
| 1731114 | | Andril Kotko, 14 Budivel'nykiv Street Apt. 79, UKRAINE |
| 1731115 | | Artur Wolff, Walerego Wrblewskiego 21P/99, Ldz, Ld, Sunnyvale, CA |
| 1731103 | | Atty General Of WV, BLDG 1 E-26 Ground Floor Main Unit, Capitol Building, Charleston WV 25301 |
| 1731117 | + | Axiom Global Inc, 1 World Trade Center, Suite 8500, New York, NY 10007-0089 |
| 1732166 | + | Damein Morgan, 2896 E Christopher Dr, Fresno, CA 93720-4499 |
| 1731119 | + | Deel, 425 Market Street, Suite 600, San Francisco, CA 94105-5417 |
| 1731120 | + | Gardner Law PLLC, 221 Main St N, Suite 300, Stillwater, MN 55082-6773 |
| 1731122 | | IBC, The Brew Eagle House, 163 City Road, London, ON N6N 1N7, CANADA |
| 1731123 | | Inovo Studios Llc, 35 S Peachtree St, Norcross, GA 30071 |
| 1731124 | | Integrated Digital Solutions Inc., 647 Wilton Grove Rd, London, ON N6N 1N7, CANADA |
| 1731125 | + | Inveniam Capital Partners, Inc., 39500 High Pointe Boulevard, Suite 220, Novi, MI 48375-5530 |
| 1731127 | | Jenna Pangborn, C/O Storj Labs Inc., Heather Trowbridge, Atlanta, GA 30305 |
| 1731129 | + | Literate Computing, LLC, 1819 Capers Ave, Nashville, TN 37212-3105 |
| 1731130 | | Magickly LLP, 61 Bridge Street, Kington, Herefordshire HR5 3DJ, ENGLAND |
| 1731131 | | Mauve Corporate Systems, Singapore Ltd, 10 Anson Road, #33-03 International Plaza, Singapore 079903 SINGAPORE |
| 1731131 | | Mauve Corporate Systems, Singapore Ltd, 10 Anson Road, #33-03 International Plaza, Singapore 079903 |
| 1731132 | | Mauve Malta Ltd., Office 7, 2nd Floor, Airways House, High Street, Malta SLM 1549 MALTA |
| 1731133 | | Mauve UK Ltd, 1 Royal Exchange Avenue, London EC3V 3LT, UNITED KINGDOM |
| 1731134 | + | Morrison Cohen LLP, 909 Third Avenue, New York, NY 10022-4784 |
| 1731135 | | NPE Ihnatiuk, Viktor Vladimirovich, Kaunasska 12/1, Kyiv, Kyiv, 2160, UKRAINE |
| 1731136 | + | Oktay Technology LLC, 350 Main St, Suite 9, Bedminster, NJ 07921-2689 |
| 1731137 | + | Perkins Cole, 1201 Third Avenue, Suite 4900, Seattle, WA 98101-3095 |
| 1731138 | | Rafael Antonio Ribeiro Gomes, Rua Monte Alegre 90, Uberaba, Minas Gera, BRAZIL |
| 1731144 | + | SNO Liability, c.o. Storj Labs Inc., Heather Trowbridge, Finance Dept, 3423 Piedmont Rd, NE, Atlanta, GA 30305-1751 |
| 1731140 | + | Schwell Wimpfheimer & Associates LLP, 551 Fifth Avenue, Suite 1600, New York, NY 10176-1603 |
| 1731106 | + | Secretary Of The Treasury, 15th St & Pennsylvania Avenue, Washington DC 20220-0001 |
| 1731141 | + | Segment.io, Inc., 100 California St, San Francisco, CA 94111-4505 |
| 1731142 | + | Sellnet LLC, 30 N Gould St, Suite R, Sheridan, WY 82801-6317 |
| 1731143 | | Shadow Magic Studios, 5 South Charlotte Street, Edinburgh EH2, SCOTLAND |
| 1732185 | + | Steven D Haupt, 7127 Warner Rd, Saline, MI 48176-9081 |
| 1731146 | | TIMETOEXIT LIMITED, 71-75 Shelton Street, Covent Garden, London WC2H 9JQ, UNITED KINGDOM |
| 1731145 | + | Tada Technologies, 4700 Millenia Blvd, Suite 500, Orlando, FL 32839-6019 |
| 1731147 | + | Up and Running Software, Inc., 535 Mission Street, 14th Floor, San Francisco, CA 94105-3253 |
| 1731150 | + | Utropicmedia, LLC, 8 The Green, Suite B, Dover, DE 19901-3618 |
| 1731151 | + | Verady, Inc., 3423 Piedmont Road NE, Suite 320, Atlanta, GA 30305-1751 |
| 1731110 | | West Virginia Insurance Commission, Legal Division - Bankruptcy, Post Office Box 50540, Charleston WV 25305-0540 |
| 1731152 | | White Coral Consulting DMCC, DMCC Free Zone, Jumeirah Lakes Towers, Dubai, UAE |
| 1731154 | | WorkRamp, Inc., 548 Market Street, PMB 57274, San Francisco, CA 94104-5401 |
| 1731153 | + | Workman Nydegger, 60 E South Temple, Suite 1000, Salt Lake City, UT 84111-1011 |
| 1731155 | | WywCorp - Michal Niewrzal, Os Slaskie 23B/2, Zielona Gra, lubuskie, POLAND |

TOTAL: 42

Date Rcvd: Aug 05, 2026        Form ID: pdfdoc        Total Noticed: 51

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| 1731116 | Email/Text: legal@avalara.com | Aug 05 2026 19:10:00 | Avalara, 255 S King St, Suite 1800, Seattle, WA 98104 |
| 1731121 | Email/Text: brnotices@dor.ga.gov | Aug 05 2026 19:10:00 | Georgia Department of Revenue, PO Box 740392, Atlanta, GA 30374-0392 |
| 1731104 | Email/Text: sbse.cio.bnc.mail@irs.gov | Aug 05 2026 19:10:00 | Internal Revenue Service, Post Office Box 7346, Philadelphia PA 19101-7346 |
| 1731128 | Email/Text: LCE_Mail@linkedin.com | Aug 05 2026 19:10:00 | Linkedin Corporation, 1000 W Maude Ave, Sunnyvale, CA 94085 |
| 1731139 | Email/Text: bankruptcy@ramp.com | Aug 05 2026 19:10:00 | Ramp Business Corporation, 28 West 23rd Street, Floor 2, New York, NY 10010 |
| 1731105 | ^ MEBN | Aug 05 2026 19:07:05 | Regional Bankruptcy Contact, U.S. Environmental Protection Agency, Region III, 1650 Arch Street (3RC00), Philadelphia PA 19103-2029 |
| 1731107 | + Email/Text: ssa.bankruptcy@ssa.gov | Aug 05 2026 19:10:00 | Social Security Administration, 300 Spring Garden Street, Philadelphia PA 19123-2924 |
| 1731108 | ^ MEBN | Aug 05 2026 19:07:06 | US Attorney, Northern District of WV, PO Box 591, Wheeling WV 26003-0011 |
| 1731109 | Email/Text: TaxBankruptcy@wv.gov | Aug 05 2026 19:10:00 | WV Dept of Tax & Revenue, Bankruptcy Unit, Post Office Box 766, Charleston WV 25323-0766 |

TOTAL: 9

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 1731113 | | Aleksei Aleksandrovich Leonov, 144/121 Chom Thian, 2 Alley Jomtien Beach |
| 1731118 | | Cambridge Enterprise Ltd, Hauser Forum, 3 Charles Babbage Road, Ca |
| 1731135 | * | NPE Ihnatiuk, Viktor Vladimirovich, Kaunasska 12/1, Kyiv, Kyiv, 2160, UKRAINE |
| 1731149 | * | US Department of the Treasury, Internal Revenue Service, Ogden, UT 84201-0012 |
| 1731148 | * | US Department of the Treasury, Internal Revenue Service, Kansas City, MO 64999-0012 |
| 1731126 | ##+ | iXsystems, 2490 Kruse Dr, San Jose, CA 95131-1234 |

TOTAL: 2 Undeliverable, 3 Duplicate, 1 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 07, 2026        Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 5, 2026 at the address(es) listed**

below:

| Name | Email Address |
|---|---|
| Christopher R. Arthur | on behalf of Debtor Storj Labs Inc. carthur@spilmanlaw.com  rmoss@spilmanlaw.com |
| Shari Lynne Collias | on behalf of U.S. Trustee United States Trustee shari.collias@usdoj.gov |
| United States Trustee | ustpregion04.ct.ecf@usdoj.gov |

TOTAL: 3