**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **STORJ LABS INC.,** | ) | **Case No. 5:26-bk-00512** |
| | ) | |
| **Debtor.** | ) | **Chapter 11 Reorganization** |
| | ) | |

Debtor Storj Labs Inc.'s Emergency Motion to Strike in Its Entirety Docket Number 38 as Containing Confidential, Trade Secrets, Proprietary Information Subject to Nondisclosure Agreement, or in the Alternative, Enter an Order Sealing the Filing to Protect the Confidentiality, Trade Secrets, and Proprietary Information of the DIP Lender Inveniam Capital Partners Inc.

Pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules, the Debtor moves[1] for entry of an order striking in its entirety the filing reflected on docket number 38. The Debtor seeks this docket to be stricken from the record in its entirety, or in the alternative seal the docket entry because it contains confidential, trade secrets, and proprietary information subject to a nondisclosure agreement. The anonymous individual who disclosed its contents either violated the explicit terms of a nondisclosure agreement required to be entered into by the DIP Lender, or unlawfully obtained its contents. The Debtor further requests that the review of the documents, including any arguments regarding the confidential, trade secrets, and/or proprietary information occur *in camera,* and not disclose the terms and contents thereof to any parties other than the Debtor, the Trustee, and any representatives of Inveniam Capital Partners Inc. ("DIP Lender") who are authorized to review its contents.

[1] Notice: No trustee or examiner has been appointed in this chapter 11 cases. Debtor submits that no other or further notice need be provided in addition to the notice provided by the ECF filing, and that under Bankruptcy Rule 9018, notice of this Motion need not be provided at all.

The Debtor's DIP Agreement with the DIP Lender meets the standard of a party in interest. Moreover, this Court scheduled a final hearing on the motion to approve the DIP financing and agreement between the Debtor and Inveniam. The Debtor has legitimate concerns that allowing a disgruntled individual to disclose/steal confidential documents from the DIP Lender could jeopardize the DIP agreement with the DIP Lender. *See* Declaration of Dr. Ali. The Debtor worked feverishly to finalize an agreement with the DIP Lender to provide it an opportunity to restructure its debt obligations and to present a successful plan to proceed in this Chapter 11 bankruptcy. In addition to reduction in expenses and staff, the Debtor's plan includes seeking approval from this Court to sell certain non-core assets. Even though the Debtor concluded these assets are not core to their restructuring plan, the Debtor is confident those assets will generate sufficient cash proceeds to place it in its position to present a successful chapter 11 plan. The Debtor also does not believe it is appropriate to use this forum as a public forum to attack the DIP Lender, including disclosure internal confidential information. If that unlawful behavior is permitted, then the Debtor rightfully is concerned that it would have a chilling effect for the Debtor, if necessary, obtaining future DIP Financing, especially from the DIP Lender. It further could send a chilling message in other chapter 11 bankruptcies that serving as a DIP Lender may open that lender to ad hominem attacks.

In limited circumstances, section 107(b) of the Bankru0ptcfy Code requires a bankruptcy court to strike or seal documents that would normally be available to the public. Section 107(b) of the Bankruptcy Code provides, in pertinent part, that: "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may ... protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 also provides that "[o]n motion or on its

own initiative, with or without notice, the court may make any order which justice requires ... to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bank. P. 9018. The moving party bears the burden of showing that the information is confidential under section 107(b). *See In re Food Mgmt. Grp., LLC*, 359 B.R. at 561. The exception to the general right of access in section 107(b) is narrow. *See In re Orion Pictures Corp.*, 21 F.3d at 27. However, "congress has established a special rule for trade secrets and research, development, and commercial information" and so once a court determines that a party in interest is seeking protection of information that falls within one of these categories, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Id.* Additionally, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." The subject documents attached to the filing meet the specified categories enumerated in section 107(b), this court is "required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp*., 21 F.3d 24, 27 (2d Cir. 1994) (citing 2 Collier on Bankruptcy, ¶ 107.01, at 107–2) ("Protection is mandatory when requested by an [interested party]"). Thus, the issue here is whether the docket number 38 constitutes trade secrets or confidential commercial information. Confidential commercial information "has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Id*. at 27; see also *In re Meyrowitz*, 2006 Bankr.LEXIS 2931, at *7 (Bankr.N.D.Tex. Oct. 26, 2006). *See also In re: Northstar Energy, Inc., 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004)* ("A bankruptcy court is required to seal 'documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors).

Due to the confidential and proprietary nature of the filing, this Court must enter an Order protecting the Debtor and the DIP Lender. In cases where protection is required, the form of protection that must be granted is not commanded by the statute. The Court has discretion when deciding how to protect commercial information. *See Gitto*, 422 F.3d at 9 ("It is true that § 107(b)(2) speaks of protection in general terms rather than of wholesale sealing, and that courts must therefore exercise some discretion in determining what form of protection to grant."). In the context of confidential and proprietary information, the only appropriate remedy is to strike the filing in its entirety.

Wherefore, pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules, the Debtor moves for entry of an order striking in its entirety the filing reflected on docket number 38, or in the alternative, entering an Order sealing the document as being confidential and proprietary. The Debtor further moves that any future hearing be *in camera* to protect the Debtor and the DIP Lender's confidential and proprietary information.

**STORJ LABS, INC.**

*<u>/s/ Christopher R. Arthur</u>*
Christopher R. Arthur (WVSB #7161)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East
Charleston, WV 25301
(304) 531-9520; (304) 291-7979 *(facsimile)*
carthur@spilmanlaw.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **STORJ LABS INC.,** | ) | **Case No. 5:26-bk-0012** |
| | ) | |
| **Debtor.** | ) | **Chapter 11 Reorganization** |
| | ) | |

## CERTIFICATE OF SERVICE

I, Christopher R. Arthur, hereby certify that on August 18, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to all parties participating in the same, including:

Shari Lynne Collias, Esquire
Trial Attorney, Office of the U.S. Trustee
United States Courthouse, Room 2025
300 Virginia Street, East
Charleston, WV 25301
Telephone: (304) 347-3417
Facsimile: (304) 347-3402
shari.collias@usdoj.gov
*Counsel for U.S. Trustee*

*/s/ Christopher R. Arthur*
Christopher R. Arthur (WVSB #7161)