**IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Case No. 5:26-bk-00512 |
| | ) | |
| STORJ LABS, INC., | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | Judge David L. Bissett |
| | ) | |

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR TO STRIKE IN ITS ENTIRETY DOCKET NUMBER 38 AS CONTAINING CONFIDENTIAL, PROPRIETARY INFORMATION SUBJECT TO NONDISCLOSURE AGREEMENT**

On August 18, 2026, the Debtor Storj Labs, In., debtor-in-possession ("Debtor") filed Motion for Entry of an Order to Strike in Its Entirety Document No. 38 ("Motion") (ECF No. 45). The Debtor pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules moved this Court for entry of an Order striking Document No. 38.

**Background**

The Debtor sought this docket to be stricken from the record in its entirety, or in the alternative seal the docket entry because it contains confidential, trade secrets, and proprietary information subject to a nondisclosure agreement. The Debtor further asserted that the anonymous individual who disclosed its contents either violated the explicit terms of a nondisclosure agreement required to be entered into by the DIP Lender, or unlawfully obtained its contents. The Debtor further requested that the review of the

documents, including any arguments regarding the confidential, trade secrets, and/or proprietary information occur *in camera,* and not disclose the terms and contents thereof to any parties other than the Debtor, the Trustee, and any representatives of Inveniam Capital Partners Inc. ("DIP Lender") who are authorized to review its contents.

The Debtor argued that the DIP Agreement with the DIP Lender meets the standard of a party in interest. Moreover, the Debtor also asserted that this Court scheduled a final hearing on the motion to approve the DIP financing and agreement between the Debtor and Inveniam. The Debtor attached a declaration asserting that the Debtor has legitimate concerns that allowing a disgruntled individual to disclose/steal confidential documents from the DIP Lender could jeopardize the DIP agreement with the DIP Lender. *See* Declaration of Dr. Ali. The Debtor also asserted that it further could send a chilling message in other chapter 11 bankruptcies that serving as a DIP Lender may open that lender to ad hominem attacks. *Id.*

**Applicable Law**

In limited circumstances, section 107(b) of the Bankru0ptcfy Code requires a bankruptcy court to strike or seal documents that would normally be available to the public. Section 107(b) of the Bankruptcy Code provides, in pertinent part, that: "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may ... protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 also provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires ... to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bank. P. 9018. The moving party bears the burden of showing that the information is confidential under section 107(b). *See In re Food Mgmt. Grp., LLC*, 359 B.R. at 561. The exception to the general right of access in section 107(b) is narrow. *See In re Orion Pictures Corp.*, 21 F.3d at 27. However, "congress has established a special rule for trade secrets and research, development, and commercial information" and so once a court determines that a party in interest is seeking protection of information that falls within one of these categories, "the

court is *required* to protect a requesting party and has no discretion to deny the application." *Id.* Additionally, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." The subject documents attached to the filing meet the specified categories enumerated in section 107(b), this court is "required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (citing 2 Collier on Bankruptcy, ¶ 107.01, at 107–2) ("Protection is mandatory when requested by an [interested party]"). Thus, the issue here is whether the docket number 38 constitutes trade secrets or confidential commercial information. Confidential commercial information "has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Id*. at 27; see also *In re Meyrowitz,* 2006 Bankr.LEXIS 2931, at *7 (Bankr.N.D.Tex. Oct. 26, 2006). *See also In re: Northstar Energy, Inc., 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004)* ("A bankruptcy court is required to seal 'documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors).

In cases where protection is required, the form of protection that must be granted is not commanded by the statute. The Court has discretion when deciding how to protect commercial information. *See Gitto*, 422 F.3d at 9 ("It is true that § 107(b)(2) speaks of protection in general terms rather than of wholesale sealing, and that courts must therefore exercise some discretion in determining what form of protection to grant."). In the context of confidential and proprietary information, the only appropriate remedy is to strike the filing in its entirety.

This Court **FINDS** that the Debtor is a party of interest because the disclosure of the DIP Lender's confidential information could adversely interfere with the Debtor's chapter 11, including the ability to obtain DIP financing. This Court further **FINDS** that the disclosed information included confidential and proprietary information subject to a nondisclosure agreement that should not have been filed with the Court. This Court **CONCLUDES AS MATTER OF LAW** that section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules mandate Docket Entry 38 to be sealed because it contains confidential and

proprietary information that meets the exception to the general rule that the public should have access to all documents filed in the bankruptcy.

Therefore, it is **ORDERED** that the entirety of the correspondence and attachments filed at Docket No. 38 are **STRICKEN** from the record on the basis that the filing consists of confidential and proprietary information of the debtor-in-possession lender which information is subject to a non-disclosure agreement.

Prepared by:

*/s/ Christopher R. Arthur*
Christopher R. Arthur (WVSB #7161)
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Blvd. E.
Charleston, WV 25301
(304) 531-9520 *(Phone)*
(304) 291-7979 *(Facsimile)*
carthur@spilmanlaw.com