David L. Bissett
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Case No. 5:26-bk-00512 |
| | ) | |
| STORJ LABS, INC., | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | Judge David L. Bissett |
| | ) | |

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR TO STRIKE IN ITS ENTIRETY DOCKET NUMBER 38 AS CONTAINING CONFIDENTIAL, PROPRIETARY INFORMATION SUBJECT TO NONDISCLOSURE AGREEMENT**

Pursuant to 11 U.S.C. § 107(b) of the United States Bankruptcy Code and Rule 9018 of the Rules of Bankruptcy Procedure, the Debtor Storj Labs, Inc., debtor-in-possession ("Debtor") filed Motion for Entry of an Order to Strike in Its Entirety Document No. 38 ("Motion"). *See* ECF No. 45. The Debtor also moved for an expedited hearing on the motion. *See* ECF No. 46. Inveniam Capital Partners Inc. joined the Debtor's motion. *See* ECF No. 48.

The Court held an in-camera hearing on August 19, 2026. Based on the pleadings filed, arguments by counsel, and applicable law, the Court makes the following FINDINGS of FACT and CONCLUSIONS of LAW.

**Background**

On August 18, 2019, the Debtor moved this Court to strike, or in the alternative seal, from the Court's docket in its entirety Docket No. 38. The Debtor argued that the contents of Docket No. 38

contained confidential, trade secrets, and proprietary information subject to a nondisclosure agreement. Debtor attached a declaration from Dr. Shuja Ali in support of its argument that Docket No. 38 was confidential and proprietary information that pertained to confidential records maintained by Invenian Capital Partners, Inc. *See* ECF 45, Exhibit A, Declaration of Shuja Ali. The Debtor further requested that the review of the documents, including any arguments regarding the confidential, trade secrets, and/or proprietary information occur *in camera,* and not disclose the terms and contents thereof to any parties other than the Debtor, the Trustee, and any representatives of Inveniam Capital Partners Inc. ("DIP Lender") who are authorized to review its contents.

Inveniam Capital Partners Inc joined the Debtor's motion. In support of the joiner, Inveniam Capital Partners Inc. attached a Declaration from Robert G. Yablunsky, Vice-President and Board Member of Inveniam Capital Partners Inc. Mr. Yablunsky declared that the information contained in Docket No. 38 had been derived from confidential internal documents of Inveniam Capital Partners: confidential discussions of the Board of Directors, and confidential presentations that could have only been disclosed under the parameters of a legally binding non-disclosure agreement.

**Applicable Law**

In limited circumstances, section 107(b) of the Bankruptcy Code requires a bankruptcy court to strike or seal documents that would normally be available to the public. Section 107(b) of the Bankruptcy Code provides, in pertinent part, that: "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 also provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires ... to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bank. P. 9018. The moving party bears the burden of showing that the information is confidential under section 107(b). *See In re Food Mgmt. Grp., LLC*, 359 B.R. at 561. The exception to the general right of access in section 107(b) is narrow. *See In re Orion Pictures Corp.*, 21 F.3d at 27. However, "congress has established a special rule

for trade secrets and research, development, and commercial information" and so once a court determines that a party in interest is seeking protection of information that falls within one of these categories, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Id.* Additionally, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." The subject documents attached to the filing meet the specified categories enumerated in section 107(b), this court is "required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp*., 21 F.3d 24, 27 (2d Cir. 1994) (citing 2 Collier on Bankruptcy, ¶ 107.01, at 107–2) ("Protection is mandatory when requested by an [interested party]"). Thus, the issue here is whether the docket number 38 constitutes trade secrets or confidential commercial information. Confidential commercial information "has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Id*. at 27; see also *In re Meyrowitz,* 2006 Bankr.LEXIS 2931, at *7 (Bankr.N.D.Tex. Oct. 26, 2006). *See also In re: Northstar Energy, Inc., 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004)* ("A bankruptcy court is required to seal 'documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors).

In cases where protection is required, the form of protection that must be granted is not commanded by the statute. The Court has discretion when deciding how to protect commercial information. *See Gitto*, 422 F.3d at 9 ("It is true that § 107(b)(2) speaks of protection in general terms rather than of wholesale sealing, and that courts must therefore exercise some discretion in determining what form of protection to grant."). In the context of confidential and proprietary information, the only appropriate remedy is to strike the filing in its entirety.

This Court **FINDS** that the Debtor is a party of interest because the disclosure of the DIP Lender's confidential information could adversely interfere with the Debtor's chapter 11, including the ability to obtain DIP financing. This Court further **FINDS** that the disclosed information included confidential and proprietary information subject to a nondisclosure agreement that should not have been filed with the Court.

This Court **CONCLUDES AS MATTER OF LAW** that section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules mandate Docket Entry 38, and the hearing related thereto, be sealed because it contains confidential and proprietary information that meets the exception to the general rule that the public should have access to all documents filed in the bankruptcy.

Therefore, it is **ORDERED** that the entirety of the correspondence and attachments filed at Docket No. 38, along with the audio of the August 19 *in-camera* hearing, are **SEALED** from the record on the basis that the filing consists of confidential and proprietary information of the debtor-in-possession lender which information is subject to a non-disclosure agreement. It is further **ORDERED** that a copy of this Order may be provided to any third-party, including any third party that publishes otherwise publicly available information on the Court's docket, as confirmation that the contents of Docket 38 in the above-styled bankruptcy proceeding are sealed in their entirety and that the contents of Docket 38 are not to be published in any capacity.

Prepared by:

*/s/ Christopher R. Arthur*
Christopher R. Arthur (WVSB #9192)
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Blvd. E.
Charleston, WV 25301
(304) 340-7090 *(Phone)*
carthur@spilmanlaw.com