**IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Case No. 5:26-bk-00512 |
| | ) | |
| STORJ LABS, INC., | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | Judge David L. Bissett |

**OBJECTION AND RESERVATION OF RIGHTS OF MICHAEL WARD AND ROBERT LAMB TO DEBTOR'S MOTION TO AUTHORIZE POST-PETITION FINANCING AND USE OF CASH COLLATERAL**

Michael Ward and Robert Lamb (together, the "**Collateral Agents**"), in their capacity as Collateral Agents for certain entities with liens on shares of the Debtor (the "**Pledgees**"), file this *Objection and Reservation of Rights to Debtor's Motion to Authorize Post-Petition Financing and Use of Cash Collateral, and Schedule Final Hearing* [ECF No. 14] (the "**DIP Motion**").

**BACKGROUND**

1. On December 17, 2024, the Pledgees[1] entered into a Stock Purchase Agreement (the "**SPA**") with Inveniam Capital Partners, Inc., ("**Inveniam**"), the ultimate parent company and proposed DIP Lender of the Debtor, Storj Labs, Inc. (the "**Debtor**"), whereby the Pledgees agreed to sell their shares of Hedgehog Invest Limited (the "**Shares**") to Inveniam. In partial consideration for the Pledgees' sale of the Shares to Inveniam, on December 17, 2024, Inveniam executed a promissory note (the "**Note**") in favor of the Pledgees in the aggregate principal amount of $9,609,265.57.

---

[1] The Pledgees referred to herein include the Collateral Agents, as well as the Adam and Stephanie Howarth Revocable Trust, Bharath Srinivaas Rajagopolan, Four Peaks LLC, Khalid Mohamed Murgian, Leila Govi, Pembroke US Investments LLC, Randolph Investments Ltd, Seedrs Nominees Limited of Stylus Building, Boutique Capital Pty Ltd ATF Tectonic Digital Asset Opportunities Fund, and Watermill Ltd.

2. Following certain defaults by Inveniam under the Note, in May 2026, Inveniam and the Collateral Agents, on behalf of the Pledgees, executed (i) a Forbearance Agreement (the "**Forbearance Agreement**"), whereunder the Pledgees agreed to forbear from exercising their rights and remedies under the Note and SPA so long as certain conditions and obligations were satisfied by Iveniam, and (ii) a Security Agreement (the "**Security Agreement**") in favor of the Collateral Agents, for themselves and on behalf of the Pledgees, pursuant to which Inveniam granted the Collateral Agents, on behalf of the Pledgees, a security interest in, *inter alia*, all equity interests in the Debtor and in all assets of the Debtor.

3. Specifically, Inveniam (i) pledged to Collateral Agents and granted the Collateral Agent "a senior security interest in all right, title and interests of [Inveniam] and its subsidiaries in and to [all equity interests in, and all assets of, Storj Labs Inc., and its subsidiaries]", (ii) represented to the Pledgees and Collateral Agents that Inveniam "is the direct or indirect owner" of all of the Debtor's assets, and (iii) covenanted "not to create, incur, assume, or permit to exist any lien or encumbrance" on any of the assets of the Debtor.

4. Inveniam has defaulted under the Forbearance Agreement by failing to make payments when due under the Forbearance Agreement.

5. On July 26, 2026, the Debtor commenced the above-captioned chapter 11 bankruptcy case in the Bankruptcy Court for the Northern District of West Virginia (the "**Bankruptcy Case**").

6. In the Debtor's *Voluntary Petition for Non-Individuals Filing for Bankruptcy* [ECF No. 1] (the "**Petition**"), the Debtor identifies its principal place of business as 1201 W Peachtree St. NW Ste 2625, Atlanta, GA 30309-2955.

7. In section 11 of the Petition, where Official Form 201 leaves space for the Debtor to answer, "Why is the case filed in *this district?*", neither boxes for the available answers—"Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district" and "A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district"—are completed.

8. The Petition contains a Corporate Ownership Statement (the "**Ownership Statement**") stating that Inveniam directly or indirectly owns 10% or more any class of the Debtor's equity interests.

9. The Petition was signed by Dr. Sayed Shuja Ali ("**Dr. Ali**") and contains no resolution showing that Dr. Ali was authorized to commence the Bankruptcy Case on behalf of the Debtor.

10. No pleading in this proceeding explains the Debtor's connection to the Northern District of West Virginia or Dr. Ali's connection to the Debtor.

11. On August 2, 2026, the Debtor filed the DIP Motion, requesting that the Court (i) authorize it to enter a Debtor-in-Possession Credit Agreement attached thereto as Exhibit B (the "**DIP Agreement**") and use cash collateral pursuant to 11 U.S.C. § 363(c)(2), (ii) deem Inveniam a good faith lender under 11 U.S.C. § 364(e) and grant it the protections provided thereunder, and (iii) modify the automatic stay to permit Inveniam to exercise remedies set forth in the DIP Agreement upon an event of default.

12. In the DIP Motion, the Debtor states that "the terms and conditions of the DIP Credit Agreement . . . were negotiated with the DIP Lender at arm's length[]", despite the fact that the

Ownership Statement states that Inveniam directly or indirectly owns 10% or more any class of the Debtor's equity interests. *See* DIP Motion, p. 13.

13. On August 5, 2026, upon the request of the Debtor, the Court entered an order extending the time by which the Debtor must file the schedules and statement of financial affairs required under Fed. R. Bankr. P. 1007 (the "**Schedules**") to August 24, 2026. [ECF No. 23.]

14. On August 5, 2026, the Court entered an order (the "**Interim DIP Order**") authorizing the Debtor's use of cash collateral on an interim basis, setting a deadline to object to the entry of a final order regarding the relief requested in the DIP Motion for August 21, 2026, at 4:00 p.m., and setting a final hearing on the DIP Motion (the "**Final Hearing**") for August 25, 2026, at 1:30 p.m. [ECF No. 25].

15. On August 6, 2026, the court issued a Notice of Chapter 11 Bankruptcy Case, setting the meeting of creditors required under 11 U.S.C. § 341 (the "**Meeting of Creditors**") for August 31, 2026, at 1:00 p.m. [ECF No. 28.]

## APPLICABLE LAW

16. "A party in interest, including the debtor, the trustee, a creditor's committee, an equity security holders' committee, a creditor, an equity security holder, or an indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. 1109(b)(1).

17. "The plain meaning of the phrase [party in interests] . . . refers to entities that are potentially concerned with or affected by a proceeding." *Truck Insurance Exchange v. Kaiser Gypsum Company, Inc.*, 602 U.S. 268, 278 (2024).

18. "Except as provided in section 1410 of this title [28 U.S.C. § 1410], a case under title 11 may be commenced in the district court for the district—(1) in which the domicile,

residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership." 28 U.S.C. § 1408.

19. "If a petition is filed in an improper district, the court may dismiss the case or may transfer it to another district on the same grounds and under the same procedures as stated in [Fed. R. Bankr. P. 1014(b)(1)]." Fed. R. Bankr. P. 1014(b)(2).

20. "On request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1).

21. "[P]etitions for protection under the reorganization provisions of Chapter 11 must be filed in 'good faith.' If properly found not to have been, they may be summarily dismissed for that reason." *Carolin Corp. v. Miller*, 886 F.2d 693, 700 (4th Cir. 1989).

22. "An insider's dealings with a bankrupt corporation are ordinarily subject to 'rigorous' or 'strict' scrutiny. . . . In such a situation, the 'burden is on an insider claimant to show the inherent fairness and good faith of the challenged transaction.'" *Stancill v. Harford Sands Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 641 (4th Cir. 2004).

## ARGUMENT

23. The Petition (i) fails to identify any relationship of the Debtor to the Northern District of West Virginia, (ii) provides no explanation as to why venue for this Bankruptcy Case is proper before this Court, and (iii) contains no resolution showing that Dr. Ali was authorized to commence the Bankruptcy Case on behalf of the Debtor.

24. No pleading in this proceeding explains Dr. Ali's connection to the Debtor.

25. In advance of the Final Hearing on August 25, 2026, the Collateral Agents intend to file a motion wherein they will seek to dismiss the Bankruptcy Case, pursuant to 11 U.S.C. § 1112(b)(1), on the basis that the case was filed in bad faith or, alternatively, to transfer the Debtor's case to a proper district (the "**Motion to Dismiss or Transfer**").

26. In the DIP Motion, the Debtor requests that the Court authorize the Debtor to enter into the DIP Agreement, whereby Inveniam will agree to provide the Debtor $388,000 and will be granted "continuing, valid, binding, enforceable, non-avoidable, and automatically and properly perfected first position post-petition security interests in and Liens" (the "**DIP Liens**") on the "DIP Collateral" (which is not defined anywhere in the DIP Agreement or DIP Motion).

27. The DIP Motion also requests that Inveniam be granted the protections of 11 U.S.C. § 364(e), which provides:

> The reversal or modification on appeal of an authorization under this section [364] to obtain credit or incur debt, or of a grant under this section of a priority or a lien, does not affect the validity of any debt so incurred, or any priority or lien so granted, to an entity that extended such credit in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and the incurring of such debt, or the granting of such priority or lien, were stayed pending appeal.

28. As creditors of the proposed DIP Lender whose rights against Inveniam are secured by a lien on Inveniam's interest in the equity and assets of the Debtor, the Collateral Agents and

the Pledgees are "parties in interest" within the meaning of 11 U.S.C. § 1109 and are therefore entitled to be heard on the DIP Motion.

29. In the Forbearance Agreement, Inveniam agreed and covenanted "not to create, incur, assume, or permit to exist any lien or encumbrance" on any of the assets of the Debtor.

30. The Debtor failed to give notice of this bankruptcy case to the Collateral Agents pursuant to Fed. R. Bankr. P. 2002, and the Collateral Agents were not served with any of the pleadings filed therein pursuant to Fed. R. Bankr. P. 1007(a)(1) or Fed. R. Bankr. P. 4001(c)(1).

31. The Collateral Agents only learned of this bankruptcy case very recently, and Counsel for the Collateral Agents likewise was very recently retained.

32. The Debtor is not required to file its Schedules until August 24, 2026, and the Schedules have not yet been docketed.

33. The Final Hearing on the DIP Motion is set for August 25, 2026, which does not provide the Collateral Agents with sufficient time to analyze the schedules and statements of affairs to prepare for the Final Hearing.

34. The Meeting of Creditors is scheduled to be held on August 31, 2026, which is after the Final Hearing.

35. Without a full and fair opportunity to examine Debtor's Schedules or examine the Debtor at the Meeting of Creditors, the Collateral Agents will not have an adequate opportunity to fully evaluate how the relief requested in the DIP Motion will affect their interests under the SPA, Note, Forbearance Agreement, and Security Agreement.

36. Moreover, the relief requested in the DIP Motion is unclear. For example, it is unclear from the DIP Motion whether the Debtors are requesting the Court to authorize a priming lien to the DIP Lender under 11 U.S.C. § 364(d).

37. As such, granting the DIP Motion at this time, before parties in interest have access to the Schedules or the Meeting of Creditors, would be premature and prejudicial to the Collateral Agents and Pledgees.

38. Further, granting the DIP Motion before resolution of Collateral Agents' forthcoming Motion to Dismiss or Transfer would create substantial consequences that may be difficult, if not impossible, to unwind if this proceeding is ultimately dismissed or transferred.

39. Accordingly, the Court should defer consideration of the DIP Motion pending resolution of the Collateral Agents' forthcoming Motion to Dismiss or Transfer.

40. However, should the Court grant the DIP Motion, the Collateral Agents respectfully request that the Court grant the Collateral Agents and Pledgees certain protections in connection with the DIP Liens.

41. Specifically, since the Security Agreement grants the Collateral Agents "a senior security interest in all right, title and interests of [Inveniam] and its subsidiaries in and to [all equity interests in, and all assets of, Storj Labs Inc., and its subsidiaries]," if Inveniam is granted liens in all of the Debtor's assets under the DIP Agreement, the Collateral Agents should be deemed to have a security interest in such DIP Liens and Inveniam's rights thereunder.

42. Accordingly, the Collateral Agents respectfully request, in the alternative, that should the Court enter an order granting the DIP Motion, that such order clarify that nothing in the Order shall impair or affect the validity of any lien or security interest of the Collateral Agents as to Inveniam or the Debtor.

## **RESERVATION OF RIGHTS**

43. The Collateral Agents expressly reserve the right to amend or supplement the foregoing objection, to join in other objections filed, or to enforce other rights and remedies under applicable law or as otherwise authorized by the Court.

44. The Collateral Agents also reserve all rights, claims, defenses, objections, and remedies with respect to the DIP Motion, the relief requested therein, the Debtor's commencement of this proceeding, venue for this proceeding, and any other matters arising in or relating to this proceeding.

WHEREFORE, Michael Ward and Robert Lamb, in their capacity as Collateral Agents and seller representatives for the Pledgees, respectfully request the Court stay the Final Hearing on the DIP Motion pending resolution of their forthcoming Motion to Dismiss or Transfer, or in the alternative, clarify in any order granting the DIP Motion that nothing in such order shall impair or affect the validity of any lien or security interest of the Collateral Agents as to Inveniam or the Debtor.

Respectfully submitted,

Dated: August 21, 2026

TUCKER ARENSBERG, P.C.

*/s/ Lauren Hutchins McCartney*
Lauren Hutchins McCartney, Esq. (WV ID 12304)
Judith K. Fitzgerald, Esq. (PA ID No. 18110)
*Motion for pro hac vice forthcoming*
Beverly Weiss Manne, Esq. (PA ID No. 34545)
*Motion for pro hac vice forthcoming*
Maribeth Thomas, Esq. (PA ID No. 208376)
*Motion for pro hac vice forthcoming*
George A. R. Balchunas, Esq. (PA ID No. 338421)
*Motion for pro hac vice forthcoming*
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
lmccartney@tuckerlaw.com
jfitzgerald@tuckerlaw.com
mthomas@tuckerlaw.com
gbalchunas@tuckerlaw.com

*Counsel for Michael Ward and Robert Lamb, in their capacity as Collateral Agents for the Pledgees*