David L. Bissett
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Case No. 5:26-bk-00512 |
| | ) | |
| STORJ LABS, INC., | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | Judge David L. Bissett |
| | ) | |

**ORDER AUTHORIZING USE OF PREPETITION BANK ACCOUNT**

Upon the motion (the "Motion") of Storj Labs, Inc.,(the "Debtor") for entry of an order (this "Order"), pursuant to sections 105(a), 345, 363, and 503(b)(1) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtor to (a) to continue its existing cash management system (the "Cash Management System") at its existing bank (the "Bank"), consistent with its prepetition practices, and (b) waive the requirements of section 345(b) of the Bankruptcy Code, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its

creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having found that no party objected to the Motion; and the Court having found that the deadline to object has passed; and the Court having held an expedited telephonic hearing on August 4, 2026 to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declaration, filed contemporaneously with the Motion, and the record of the Hearing; and the Debtor having made representations that it has terminated and liquidated its accounts with the Fintechs defined in the Motion; and the Debtor having represented that wishes to continue to use its existing account with Western Alliance Bank, an approved depository which has executed a Uniform Depository Agreement with the U. S. Trustee Program,; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and upon all of the proceedings had before the court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion of the debtor to maintain its existing bank account with Western Alliance Bank is hereby GRANTED.

2. Except as otherwise provided herein, the Debtor is authorized, but not directed, to continue operating the Cash Management System as set forth in the Motion and as spread upon the record during the August 4, 2026 expedited hearing on the Motion.

4. The Debtor's request to continue to use the Kraken and Mercury accounts is hereby DENIED as moot based upon the Debtor's representation those accounts were closed prior to the date of the bankruptcy filing.

Prepared by:

*/s/ Christopher R. Arthur*
Christopher R. Arthur (WVSB #7161)
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Blvd. E.
Charleston, WV 25301
(304) 531-9520 *(Phone)*
(304) 291-7979 *(Facsimile)*
carthur@spilmanlaw.com