David L. Bissett
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Case No. 5:26-bk-00512 |
| | ) | |
| STORJ LABS, INC., | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | Judge David L. Bissett |

**AMENDED ORDER GRANTING MOTION TO CONTINUE HEARING ON FINAL POST-PETITION FINANCING, USE OF CASH COLLATERAL, TO ENTER SECOND INTERIM ORDER AUTHORIZING POST-PETITION FINANCING, TO USE CASH COLLATERAL, AND TO CONTINUE FINAL HEARING AND OBJECTION THERETO**

Pursuant to sections 105, 361, 362, 363, 364, and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 4001, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 4001-2, and 9013-1 of the United States Bankruptcy Court for the Northern District of West Virginia Local Rules (the "Local Rules"), the Debtor Storj Labs, Inc., debtor-in-possession in the above-captioned case (the Debtor") filed "Motion to Continue Hearing on Final Post-Petition Financing, Use of Cash Collateral, to Enter Second Interim Order Authorizing Post-Petition Financing, to Use Cash Collateral, and to Continue Final Hearing and Second Interim Order Authorizing Post-Petition Financing, Use of Cash Collateral, and Schedule Final Hearing" (the "Motions"). See ECF No. 72.

Based on the pleadings and due and proper notice of the Motions having been given in accordance with Bankruptcy Rules 4001 and 9014; and it appearing that no other or further notice need be provided;

and no objections having been filed to the relief requested; and after due deliberation and consideration, and for good and sufficient cause appearing therefor:

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

In support of the Motions, the Debtor stated as follows:

1. On August 5, 2026, the Court entered "Interim Order Authorizing Post-Petition Financing, Use of Cash Collateral, and Scheduling Final Hearing" ("Interim Order"). See ECF No. 26.
2. The Interim Order set August 21, 2026 as the deadline for objections to be filed. *Id*.
3. On August 21, 2026, Michael Ward and Robert Lamb ("Objecting Party") filed "Objection and Reservation of Rights of Michael Ward and Robert Lamb to Debtor's Motion to Authorize Post-Petition Financing and Use of Cash Collateral" ("Objection"). ECF No. 58.
4. The Debtor asserted that it communicated to the Objecting Party that it has payroll scheduled to occur on August 27, 2026, and it currently lacks the cash resources to fund its payroll commitment. See ECF No. 72.
5. The Objecting Party agreed that it will not object to entry of a second interim financing order authorizing Inveniam as the DIP Lender to extend an additional One Hundred Sixty Thousand Dollars and No Cents ("$160,000) as long as that second interim order preserves the Objecting Party's rights to assert that it has a senior security interest in all right, title and interests of Inveniam and its subsidiaries in and to all equity interests in, and all assets of the Debtor, including any rights Inveniam has or may have under the DIP Credit Agreement, and/or 11 U.S.C. § 364. *Id*.

6. In exchange for the Objecting Party agreeing not to object to a second interim order, the Debtor agreed to move the Court to continue the hearing on the Final Hearing to a date after the August 31, 2026 meeting of creditors, including the Debtor further moving the Court to schedule the Objecting Party's Objection to be heard on the same date date as the Final Hearing. *Id*.

7. The Debtor further agreed that the second interim order must contain language preserving the Objecting Party's rights to assert that it has a senior security interest in all right, title and interests of Inveniam and its subsidiaries in and to all equity interests in, and all assets of the Debtor, including any rights Inveniam has or may have under the DIP Credit Agreement, and/or 11 U.S.C. § 364. *Id*.

Based on the representations made in the pleadings, including that the Objecting Party, United States Trustee, and the DIP Lender Inveniam do not object to the granting of the Motions, the Court **FINDS** approval of a second interim order authorizing post-petition financing in the amount of $160,000 from the DIP Credit Agreement and the Debtor's request for use of cash collateral on an interim basis is appropriate because

i. The debtor is unable to obtain unsecured credit under section 364(b), i.e., by allowing a lender only an administrative claim;

ii. The credit transaction is necessary to preserve the assets of the estate; and

iii. The terms of the transaction are fair, reasonable, and adequate, given the circumstances of the debtor-borrower and the proposed lender.

The Court further **FINDS** that the funds and liquidity to be provided by the DIP Credit Agreement is vital to enable Debtor to continue to operate during this Chapter 11 Case to allow Debtor to work towards a value-maximizing restructuring that is in the best interests of Debtor's

estate, its creditors, and other stakeholders. Failure to obtain the second interim post-petition financing in the amount of $160,000 from the DIP loan will cause Debtor to be unable to meet its post-petition operating expenses in the ordinary course of business, thereby leading to the likely wind-down of Debtor's business. Moreover, access to the DIP loan will afford Debtor's vendors and counterparties to executory contracts the necessary confidence to continue their ongoing relationships with Debtor and will be viewed favorably by Debtor's vendors and counterparties to executory contracts, thereby enhancing the prospect for a successful reorganization.

The Court also **FINDS** that the Debtor has satisfied the requirements of sections 363(c)(2) and 363(e) and should be authorized to use the Cash Collateral as defined in the Emergency Motion on an interim basis under the terms set forth the DIP Credit Agreement because the Debtor has an urgent need to use the Cash Collateral and the proceeds of the DIP Credit Agreement, to honor obligations critical to its ongoing operations—including to pay employees, vendors, and counterparties to executory contracts—critical to Debtor's efforts to reorganize. Absent access to Cash Collateral, Debtor cannot continue to operate its businesses post petition, diminishing the value of Debtor's estate to the detriment of all stakeholders.

The Court also **FINDS** that the Objecting Party's agreement that it will not object to entry of a second interim financing order authorizing Inveniam as the DIP Lender to extend an additional One Hundred Sixty Thousand Dollars and No Cents ("$160,000) as long as that second interim order preserves the Objecting Party's rights to assert that it has a senior security interest in all right, title and interests of Inveniam and its subsidiaries in and to all equity interests in, and all assets of the Debtor, including any rights Inveniam has or may have under the DIP Credit Agreement, and/or 11 U.S.C. § 364 is reasonable and fair.

**NOW THEREFORE**, based upon the representations contained in the Motions, and good and sufficient cause appearing therefore, it is

**ORDERED** that Debtor's Motion to Continue Hearing on Final Post-Petition Financing, Use of Cash Collateral, to Enter Second Interim Order Authorizing Post-Petition Financing, to Use Cash Collateral, and to Continue Final Hearing and Objection Thereto is GRANTED; and

**ORDERED** that Final Hearing on the Emergency Motion for Authorization to Obtain DIP Financing and for use of Cash Collateral shall be held on **September 3, 2026 at 1:30 p.m**. in the L. Edward Friend, II Bankruptcy Courtroom, 1125 Chapline Street, Wheeling, West Virginia; and

**ORDRERED** that the Debtor shall file a written response to the *Motion of Collateral Agents to Dismiss Debtor's Chapter 11 Case Pursuant to 11 U.S.C. 1112(B)(1) or, in the Alternative, Change Venue* (Doc 69) on or before September 1, 2026; and

**ORDERED** that any party that expects to present evidence at the September 3rd hearing must file a list of witnesses and/or exhibits with the Court by September 1, 2026.

**ORDERED** that the Objecting Party's objection and any challenge to the Court's venue further shall be held at the same time as the final hearing on the emergency motion.

Prepared by:

*/s/ Christopher R. Arthur*
Christopher R. Arthur (WVSB #7161)
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Blvd. E.
Charleston, WV 25301
(304) 531-9520 *(Phone)*
(304) 291-7979 *(Facsimile)*
carthur@spilmanlaw.com