**STORJ LABS, INC.**
**SECRETARY'S CERTIFICATE**
**JULY 25, 2026**

The undersigned Secretary of Storj Labs, Inc., a corporation organized and existing under the laws the State of Delaware (the "Company"), hereby certifies as follows:

1. I am the duly qualified, elected and acting Secretary of the Company.

2. Attached hereto as Exhibit A is a true, correct, and complete copy of resolutions (the "Resolutions") duly adopted by the Board of Directors of the Company (the "Board") at a meeting on July 24, 2026 concerning the filing by the Company of a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code and certain actions in connection therewith.

3. The Resolutions are the only resolutions adopted by the Board relating to the subject matter thereof.

4. The Resolutions have not in any way been amended, modified, revoked or rescinded, and have been in full force and effect since their adoption up to and including the date hereof and are now in full force and effect.

IN WITNESS WHEREOF, the undersigned has executed this Certificate as of the first date above written.

**Storj Labs, Inc.**

Robert [illegible] Yablun [illegible] (2026 [illegible] 25 15:08:[illegible] EDT)

By: ______________________

Name: Robert G. Yablunsky

Title: Secretary

**EXHIBIT A**

**STORJ LABS, INC.**
**RESOLUTIONS OF THE BOARD OF DIRECTORS**

WHEREAS, the Board of Directors (the "Board") of Storj Labs, Inc. (the "Company") has reviewed and considered the materials presented and the reports made by the management of and the financial and legal advisors to the Company regarding the obligations and liquidity situation of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's assets, business and operations.

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, employees and other parties in interests that the Company file a voluntary petition for relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

RESOLVED FURTHER, that each of Shuja Ali and Kaloyan Raev (each, an "Authorized Person") be, and hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to execute and verify a petition and amendments thereto for relief under Chapter 11 of the Bankruptcy Code (the "Case") and to cause the same to be filed at such time and in such jurisdiction as such Authorized Person executing same shall determine; and

RESOLVED FURTHER, that each Authorized Person be, and hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to execute and file all schedules, motions, lists, applications, pleadings and other papers, and to take and perform any and all further acts and deeds which such Authorized Person deems necessary, proper or desirable in connection with the Case; and

RESOLVED FURTHER, that each Authorized Person be, and hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to take any and all actions necessary and appropriate to pursue and further the marketing and competitive sale process with respect to the Company's assets on an expedited basis, including without limitation negotiating any and all proposed purchase agreements and other ancillary documents in connection therewith; and

RESOLVED FURTHER, that each Authorized Person be, and hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to effect the retention of Spilman Thomas & Battle PLLC as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and satisfy the Company's obligations, including filing any pleadings or other papers, in connection with the Case, and to file an application with the bankruptcy court for approval of such retention; and

RESOLVED FURTHER, that each Authorized Person be, and hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to retain such other professionals to assist the Company with carrying out its duties under the Bankruptcy Code and in furtherance of the Case as such Authorized Person deems necessary, proper or desirable in connection with the Case; and

RESOLVED FURTHER, that each Authorized Person be, and hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to negotiate for and obtain post-petition financing

on such terms as such Authorized Person deems necessary or appropriate to assist the Company in carrying out its duties under the Bankruptcy Code and to consummate such transactions in connection with the Case as may be in the best interests of the Company, its creditors and employees, including without limitation one or more super-priority debtor-in-possession financing facilities secured by such assets and with such covenants and guarantees as may be contemplated or required under the terms of such post-petition financing; and in connection therewith to execute and deliver such loan agreements, guarantees, mortgages, pledge agreements and any and all other documents or instruments as such Authorized Person may deem to be necessary or appropriate to facilitate the execution of and entry into such post-petition financing arrangement; and

RESOLVED FURTHER, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, the Authorized Officers are hereby authorized, directed, and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, consents; and other documents, and to pay all expenses, including filing fees in each case as in such officer's or officers' judgment shall.be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and

RESOLVED FURTHER, that any acts of any officer of the Company and of any person or persons designated and authorized to act by any officer of the Company taken prior to the adoption of the foregoing resolutions, but taken in accordance with and to accomplish the purposes of these resolutions, are hereby severally ratified, confirmed, and approved; and

RESOLVED FURTHER, that the omission from these resolutions of any action, agreement or other arrangement contemplated by the foregoing resolutions or any action to be taken in accordance with any requirement of any of the foregoing resolutions shall in no manner derogate from the authority of the Authorized Officers of the Company to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions.

# 2026_07_25_Storj Labs Inc_Secretary's Certificate and Board Resolutions

Final Audit Report 2026-07-25

| | |
|---|---|
| Created: | 2026-07-25 (Eastern Daylight Time) |
| By: | Carol Havis (chavis@inveniam.io) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA_nGb3fJPkLnMyIZa9eT2zfGvPYGe7hBw |

## "2026_07_25_Storj Labs Inc_Secretary's Certificate and Board Resolutions" History

Document created by Carol Havis (chavis@inveniam.io)
2026-07-25 - 2:50:49 PM EDT

Document emailed to Robert Yablunsky (byablunsky@inveniam.io) for signature
2026-07-25 - 2:51:33 PM EDT

Email viewed by Robert Yablunsky (byablunsky@inveniam.io)
2026-07-25 - 3:07:49 PM EDT

Document e-signed by Robert Yablunsky (byablunsky@inveniam.io)
Signature Date: 2026-07-25 - 3:08:01 PM EDT - Time Source: server - Signature Appearance Selected: DRAW

Agreement completed.
2026-07-25 - 3:08:01 PM EDT