**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **STORJ LABS INC.,** | ) | **Case No. 5:26-bk-00512** |
| | ) | |
| **Debtor.** | ) | **Chapter 11 Reorganization** |
| | ) | |

**FIRST MONTHLY APPLICATION OF SPILMAN THOMAS & BATTLE PLLC, ATTORNEYS FOR THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES DURING THE PERIOD FROM JULY 27, 2026 THROUGH JULY 31, 2026**

Spilman Thomas & Battle PLLC ("Spilman"), attorneys for Storj Labs, Inc. ("Debtor"), debtor-in-possession in the above-captioned administered case ("Chapter 11"), hereby submits its first monthly application (the "Application") pursuant to (i) sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-1 of the United States Bankruptcy Court for the Northern District of West Virginia Local Rules (the "Local Rules"). Spilman submits the Application for allowance of compensation for services rendered in the aggregate amount of $21,181.50 and for reimbursement of actual and necessary expenses incurred by Spilman in connection therewith in the amount of $358.42 for the period from July 27, 2026 through July 31, 2026 (the "Compensation Period"). In support of this Application, Spilman respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code sections 1103 and 330, Bankruptcy Rule 2016, and Local Rule 2016-1.

**BACKGROUND**

4. On July 26, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of West Virginia (the "Court"). The Debtor continues to operate its businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. No creditors' committee has been appointed by the Office of the United States Trustee for Region 4 (the "U.S. Trustee") in this Chapter 11 Case.

6. On July 26, 2026, Debtor filed applications to employ Spilman as bankruptcy counsel.

7. On August 25, 2026, the Court entered "Order Granting Application to Retain and Employ Spilman Thomas & Battle, PLLC as Counsel for the Debtor and Debtor-in-Possession Effective as of July 26, 2026". ECF No. 84.

**RELIEF REQUESTED**

8. By this Application, Spilman seeks (i) interim allowance and award of compensation for the professional services rendered by Spilman as attorneys during the Compensation Period in the amount of $21,181.50, representing 44.60 hours of professional services; and (ii) reimbursement of actual and necessary expenses incurred by Spilman during the Compensation Period in connection with the rendition of such professional and paraprofessional services in the amount of $358.42. *See* Exhibit A, Spilman Detailed Records.

9. The Debtor paid Spilman a retainer of $50,000 on July 24, 2026.

10. Spilman applied $31,950.00 of the $50,000 as fees incurred prior to the filing of the Chapter 11 Bankruptcy.

11. Spilman held the remaining $18,050 in its trust account pending approval of the Court.

12. As stated in the Declaration of Christopher R. Arthur, Esq. ("Arthur Declaration"), annexed hereto as Exhibit B, all services for which compensation is requested by Spilman were performed for or on behalf of the Debtor.

**SUMMARY OF SERVICES RENDERED**

13. This Application provides a brief summary of the services rendered by Spilman on behalf of the Debtor during the Compensation Period by category. While it is not possible or practical to describe each and every activity undertaken by Spilman, Spilman has maintained contemporaneous time records, which include a detailed chronology of the daily services rendered describing the precise nature of the work, the specific tasks performed, and the time expended by each time records for the Compensation Period is annexed hereto as Exhibit B.

14. To the best of Spilman's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines, and Local Rule 2016-1.

**STATUTORY BASIS FOR COMPENSATION**

15. The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016. Spilman seeks compensation for actual, necessary professional services rendered and reimbursement of reasonable expenses incurred on behalf of the Debtors during the Compensation Period.

16. Section 331 of the Bankruptcy Code permits professionals employed by the Bankruptcy Court to apply for interim compensation under the standards set forth in section 330.

Section 330(a)(1) of the Bankruptcy Code allows for the following: "(A) reasonable compensation for actual, necessary services rendered by. . . [an] attorney and by any paraprofessional person employed by such [attorney]; and (B) reimbursement for actual, necessary expenses."

17. Section 330(a)(3)(A) of the Bankruptcy Code provides that: [i]n determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [Title 11]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed . . . and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title [11]. 11 U.S.C. § 330(a)(3).

18. As demonstrated in Spilman's time records for the Compensation Period, the services were performed efficiently and effectively, were done at the request of the Debtor and were necessary and beneficial to the bankruptcy estate.

19. Spilman believes that the foregoing rates for the services rendered are in accord with the firms charge their clients for such services.

**ACTUAL AND NECESSARY EXPENSES**

20. During the Compensation Period, Spilman incurred $358.42 in expenses on behalf of the Debtors. Detailed descriptions of Spilman's expenses are included in Exhibit A attached hereto.

21. Spilman respectfully submits that such expenses were actual, necessary, and reasonable, and that reimbursement is warranted pursuant to Section 330 of the Bankruptcy Code.

22. It is Spilman's policy to charge its clients in all areas of practice for expenses incurred in connection with their clients' cases. The expenses charged to clients include, among other things, filing fees, express mail, messenger services, photocopying costs, travel expenses, working meals, and computerized research.

23. In providing a reimbursable expense, Spilman does not make a profit on that expense.

24. Spilman believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.

**NOTICE**

25. Spilman has served this application in accordance with the Compensation Order, the Bankruptcy Rules and the Local Rules.

**WHEREFORE**, Spilman respectfully requests that the Court: (a) approve the allowance of $21,181.50 for compensation for professional services rendered to the Debtor during the period from July 27, 2026 through and including July 31, 2026; and (b) approve the reimbursement of Spilman's out-of-pocket expenses incurred in connection with the rendering of such services in the amount of $358.42 during the period from July 27, 2026 through July 31, 2026.

Dated: September 2, 2026

Respectfully Submitted

*<u>/s/ Christopher R. Arthur</u>*

Christopher R. Arthur (WVSB #9192)
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Blvd. E.
Charleston, WV 25301
(304) 720-4090 *(Phone)*
carthur@spilmanlaw.com
***Counsel for Storj, Debtor-in possession***

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **STORJ LABS INC.,** | ) | **Case No. 5:26-bk-0012** |
| | ) | |
| **Debtor.** | ) | **Chapter 11 Reorganization** |
| | ) | |

**CERTIFICATE OF SERVICE**

I, Christopher R. Arthur, hereby certify that on September 2, 2026, I electronically filed the foregoing **First Monthly Application of Spilman Thomas & Battle PLLC, Attorneys for the Debtors, for Allowance of Compensation for Services and Reimbursement of Expenses for Services During the Period From July 27, 2026 Through July 31, 2026** with the Clerk of the Court using the CM/ECF system, which will send notice to all parties participating in the same, including:

Shari Lynne Collias, Esquire
Trial Attorney, Office of the U.S. Trustee
United States Courthouse, Room 2025
300 Virginia Street, East
Charleston, WV 25301
Telephone: (304) 347-3417
Facsimile: (304) 347-3402
shari.collias@usdoj.gov
*Counsel for U.S. Trustee*

*/s/ Christopher R. Arthur*
Christopher R. Arthur (WVSB #9192)