**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **STORJ LABS INC.,** | ) | **Case No. 5:26-bk-00512** |
| | ) | |
| **Debtor.** | ) | **Chapter 11 Reorganization** |
| | ) | |

**STORJ LABS, INC'S MOTION TO STRIKE OBJECTION AND MOTION TO DISMISS BECAUSE WARD AND LAMB LACK STANDING AND THE COURT LACKS SUBJECT MATTER JURISDICTION**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and Rule 7012 of the Federal Rules of Bankruptcy Procedure, Debtor Storj Labs, Inc. ("Debtor") respectfully moves this honorable Court to strike the objection and to dismiss the motion to dismiss on the grounds Michael Ward ("Ward") and Robert Lamb ("Lamb") (collectively "Ward Lamb") lack standing and this Court lacks subject matter jurisdiction to entertain anything filed by Ward Lamb.

In support of the motion, the Debtor asserts that Ward Lamb do not possess any direct relationship with the Debtor that affords them standing to participate in this bankruptcy. Specifically, Ward Lamb are not creditors; not employees; not customers; have no written contractual agreement(s); no lawsuits; no judgments; and have no direct relationships with the Debtor. Section 1109(b) of the Bankruptcy Code controls who may object to a plan. Section 1109(b) states that "a party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." A party wishing to object to a plan must also satisfy Article III standing, which courts have held is "effectively coextensive" with the party in interest standard under section 1109(b). Ward Lamb have no rational reason to interject themselves in this bankruptcy other than to pressure the DIP Lender.

**WHEREFORE**, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, the Debtor respectfully moves for entry of an Order striking from this action Ward Lamb's objection and dismissing the motion to dismiss on the grounds that the Court lacks subject matter jurisdiction. Without Plaintiff meeting the requirements espoused by the United States Supreme Court, this Court must dismiss this action on the grounds that it lacks subject matter jurisdiction. The Debtor further moves for any additional relief this Court deems appropriate.

**STORJ LABS, INC.**

**By Counsel:**

*/s/ Christopher R. Arthur*
Christopher R. Arthur (WV Bar No. 9192)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, E. (25301)
P. O. Box 273
Charleston, WV 25321
304.340.3800; 304.340.3801 (*facsimile*)
carthur@spilmanlaw.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **STORJ LABS INC.,** | ) | **Case No. 5:26-bk-00512** |
| | ) | |
| **Debtor.** | ) | **Chapter 11 Reorganization** |
| | ) | |

**CERTIFICATE OF SERVICE**

I, Christopher R. Arthur, counsel for Debtor Storj Labs, Inc. do hereby certify that I served ***StorJ Labs, Inc.'s Motion to Strike Objection and Motion to Dismiss Because Ward and Lambert Lack Standing and the Court Lacks Subject Matter Jurisdiction, Memorandum of Law in Support of Motion to Strike Objection and Motion to Dismiss Because Ward and Lambert Lack Standing and the Court Lacks Subject Matter Jurisdiction,*** **and proposed Order Granting Motion to Strike Objection and Motion to Dismiss Because Ward and Lambert Lack Standing and the Court Lacks Subject Matter Jurisdiction** with the Clerk of the Court using the CM/ECF system.

:

*/s/ Christopher R. Arthur*
Christopher R. Arthur (WV Bar No. 9192)