**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **STORJ LABS INC.,** | ) | **Case No. 5:26-bk-00512** |
| | ) | |
| **Debtor.** | ) | **Chapter 11 Reorganization** |
| | ) | |

**ORDER GRANTING DEBTOR STORJ LABS, INC'S MOTION TO STRIKE OBJECTION AND MOTION TO DISMISS BECAUSE WARD AND LAMB LACK STANDING AND THE COURT LACKS SUBJECT MATTER JURISDICTION**

On September 8, 2026, Debtor Storj Labs, Inc. ("Debtor") moved this honorable Court to strike the objection and to dismiss the motion to dismiss on the grounds Michael Ward ("Ward") and Robert Lamb ("Lamb") (collectively "Ward Lamb") lack standing and this Court lacks subject matter jurisdiction to entertain anything filed by Ward Lamb.

In support of the motion, the Debtor asserts that Ward Lamb do not possess any direct relationship with the Debtor that affords them standing to participate in this bankruptcy. Specifically, Ward Lamb are not creditors; not employees; not customers; have no written contractual agreement(s); no lawsuits; no judgments; and have no direct relationships with the Debtor. Section 1109(b) of the Bankruptcy Code controls who may object to a plan. Section 1109(b) states that "a party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." A party wishing to object to a plan must also satisfy Article III standing, which courts have held is "effectively

coextensive" with the party in interest standard under section 1109(b). Ward Lamb have no rational reason to interject themselves in this bankruptcy other than to pressure the DIP Lender.

**THEREFORE**, based upon the pleadings, applicable law, and representations by counsel, it is ORDERED that the Debtor Storj Labs, Inc.'s Motion to Strike Objection and Motion to Dismiss Because Ward and Lamb Lack Sanding and the Court Lacks Subject Matter Jurisdiction" is GRANTED.

Prepared by:

**STORJ LABS, INC.**

**By Counsel:**

*/s/ Christopher R. Arthur*
Christopher R. Arthur (WV Bar No. 9192)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, E. (25301)
P. O. Box 273
Charleston, WV 25321
304.340.3800; 304.340.3801 (*facsimile*)
carthur@spilmanlaw.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **STORJ LABS INC.,** ) | **Case No. 5:26-bk-00512** |
| ) | |
| **Debtor.** ) | **Chapter 11 Reorganization** |
| ) | |

**CERTIFICATE OF SERVICE**

I, Christopher R. Arthur, counsel for Debtor Storj Labs, Inc. do hereby certify that I served ***StorJ Labs, Inc.'s Motion to Strike Objection and Motion to Dismiss Because Ward and Lambert Lack Standing and the Court Lacks Subject Matter Jurisdiction, Memorandum of Law in Support of Motion to Strike Objection and Motion to Dismiss Because Ward and Lambert Lack Standing and the Court Lacks Subject Matter Jurisdiction,*** **and proposed Order Granting Motion to Strike Objection and Motion to Dismiss Because Ward and Lambert Lack Standing and the Court Lacks Subject Matter Jurisdiction** with the Clerk of the Court using the CM/ECF system.

:

*/s/ Christopher R. Arthur*
Christopher R. Arthur (WV Bar No. 9192)